**William R. STIDHAM, Jr. and Richard L.
Long, Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 13, 1969.

William R. Stidham, Jr., pro se.

Richard L. Long, pro se.

Nolan Carter, Jr., Lexington, for appellants.

John B. Breckinridge, Atty. Gen., James Barr, Asst. Atty. Gen., Frankfort, for appellee.

Robert Allen Sedler, Lexington, amicus curiae—Kentucky Civil Liberties Union.

OSBORNE, Judge.

Petitioners were convicted of armed robbery and sentenced to 20 years in the penitentiary. They now contend in this proceeding under RCr·11.42 that the judgment of conviction is invalid because:

1. They were illegally searched and seized.

2. They were not forewarned of their constitutional rights "as provided for by USCA XIV." (sic)

3. Petitioners were illegally identified.

4. They were denied the right to contact counsel.

5. Their court-appointed counsel, Mr. Thomas Bunch, was not allowed sufficient time to prepare defense.

6. They were denied their right to direct appeal.

7. They were sentenced without the aid of counsel.

■ The contention that the trial court erred in admitting evidence obtained by an illegal search has no merit. The admission of illegal evidence amounts to nothing more than trial error and does not render the proceedings void. Collier v. Commonwealth, Ky., 387 S.W.2d 858 (1965).

■ Their contention that they were not given the Miranda warning before they were questioned is likewise without merit as they do not show that any statement obtained during the interrogation was admitted in evidence against them. Likewise, their contention that they were not appointed counsel immediately upon being arrested is without merit as there is no contention that anything of consequence transpired between arrest and appointment of counsel that in any way prejudiced their right to a fair trial. Turner v. Commonwealth, Ky., 404 S.W.2d 13 (1966).

■ As to the contention made that their appointed counsel was not given adequate time to prepare their defense, we note from the record that they were first appointed counsel on March 8, 1966. After various postponements, trial was set for September 12, 1966. On the date of the trial petitioners asked the court to discharge their appointed attorney and to appoint them another, requesting the second attorney specifically by name. The court complied with this request. The second attorney did make a request for a continuance, which was overruled. The case was set for the following day. On this motion, he filed an affidavit stating that he and petitioners agreed to go to trial on the following day and that the time was adequate to prepare such defense as the petitioners had. When an indigent defendant is given

the lawyer whom he requests by name and that lawyer agrees to a trial date and later states that he had sufficient time to prepare defense, we believe it would be strange indeed to accept the unsupported statement of the accused that his lawyer did not have sufficient time. We believe this contention to be completely without merit. Fultz v. Commonwealth, Ky., 398 S.W.2d 881 (1966); Tarrence v. Commonwealth, Ky., 265 S.W.2d 40 (1954). Likewise, their contentions that they were denied the right to a direct appeal and that their counsel was not present at sentencing are refuted by the affidavit of their counsel and therefore deemed without merit. Williams v. Commonwealth, Ky., 405 S.W.2d 17 (1966).

■ Their final contention is that they were improperly identified. They were stopped shortly after the offense involved, which was armed robbery of a liquor store, by local police for a traffic violation. After the police had arrested them for the traffic charge and searched their persons, the police received information over the radio concerning the robbery. They were then held at the point of arrest while the victim of the robbery was transported there to identify them. Appellants now contend that this identification was unduly suggestive and, therefore, the testimony concerning it was inadmissible. They rely upon U. S. v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). The foregoing cases condemn identifications made in police line-ups where the showing of the suspect to the victim is under such circumstances as to be suggestive of the person to be selected. We do not believe cases cited for petitioners meet the situation here presented. This was not a staged police line-up at which counsel could be present. There was no opportunity to appoint counsel. The police needed to know immediately whether to hold these two suspects or to release them. They needed to know

whether to continue the search for the guilty. The victim of the crime had within an hour faced the guilty parties in a lighted room. We believe it good that he could again face them within such a short time while his memory was still fresh concerning the details. We do not find anything in the cases cited by petitioner that requires a police officer to unduly delay the process of identification so that counsel can be appointed. In fact, in Stovall v. Denno, supra, the suspect was taken to a hospital so that he might be identified by the victim of his crime. That procedure was approved.

When we view the totality of the circumstances here and consider the fact that the identification was made so soon after the offense as to be practically one single event, we believe the identification was proper and the evidence admissible. See Wise v. U. S., 127 U.S.App.D.C. 279, 383 F.2d 206 (1967); Kennedy v. U. S., 122 U.S.App.D.C. 291, 353 F.2d 462 (1965).

The judgment is affirmed.

All concur.