**UNITED STATES of America**

v.

**Richard J. LEE, Jr., Appellant.**

**No. 72-1371.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 2, 1973.

Decided June 29, 1973.

David R. Anderson, Washington, D.C. (appointed by this Court), for appellant.

Douglass J. McCollum, Asst. U. S. Atty., with whom Harold H. Titus, Jr.,

U. S. Atty. and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before LEVENTHAL and MacKINNON, Circuit Judges, and WYZANSKI,* Senior United States District Judge for the District of Massachusetts.

WYZANSKI, Senior District Judge:

The single issue is whether the trial court erred in allowing the complaining witness to testify as to her showup identification of defendant.

Edna M. Carslaw on March 17, 1970, at about 6 P.M. was held up, in the basement of an office building where she worked, by two men, one of whom, for convenience, we shall at this introductory stage call X, and the other Y. X told her, "Don't make any noise, this is a hold-up," and directed her to open the safe. Next, X came around the counter, went through the drawers, and took $18 from Mrs. Carslaw's purse. Then he put her into a locker and told her to stay there. Y stayed farther back and held a gun behind a newspaper until he came around the counter when Mrs. Carslaw was seated, and Y was 3 feet from her. After staying for some time in the locker, Mrs. Carslaw went upstairs to report the robbery to a building guard, Scott.

About 6 P.M. Scott saw enter a telephone booth a man whom at this stage we shall call A (without indicating whether he has already been given another symbol in this statement of facts). Scott testified that he recognized A as a man who had been hanging around the building at the time of an earlier robbery. About 3 minutes later Scott saw go to the telephone directory a second man whom at this stage we shall call B (without indicating whether he has already been given another symbol in this statement of facts).

A came out of the phone booth and conferred with B. When A and B started to get into the elevator the guard asked them to sign in; and they did. Then the guard summoned the police.

After a policeman, Odell, arrived and had begun talking to Scott, the elevator door opened and revealed A within the elevator. Simultaneously B appeared at the door of the stairway. Scott said to Odell with respect to A and B, "Those are the two I'm talking about." Odell stopped B to escort him to a desk. B attempted to pull a gun. Odell wrestled with B, pinned him to the floor, handcuffed him, and arrested him.

Soon other police arrived. About 15 minutes after Odell arrested B, Mrs. Carslaw appeared in the lobby and told the police she had been robbed. She testified she was then excited and in a state of shock. The police did not then ask her to describe the persons who had robbed her. An officer other than Odell brought Mrs. Carslaw to where B was lying face down on the floor, handcuffed with his arms behind his back, and asked her if that was one of the robbers. She bent over, looked for several seconds at B, and said, "No, I don't think so." She then went to the elevator with another policeman. Then in response to further questioning by officer Odell while both were in the elevator, she told him, without his questioning her directly to the point, that B was the man who had been the second of those who had robbed her. At the trial, Mrs. Carslaw testified that she did not immediately identify B because she "didn't want to say it in front of the man."

Mrs. Carslaw at a subsequent lineup identified defendant Lee who was in the lineup as being, in effect, identical with B and Y. Then at a pretrial hearing she testified that she had made that identification of B on the basis of her mental picture of the man in the robbery, not her mental picture of appellant lying handcuffed on the floor. (Appellant's Brief at 9).

Referring to standards established in Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967) and such succeeding cases as Russell v. United States, 133 App.D.C. 77, 81, 408 F.2d

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1280, 1284 (1969), defendant contends that his conviction in the District Court denied him due process of law guaranteed by the Fifth Amendment because the conviction was based almost entirely on an impermissible (because highly suggestive set of surrounding circumstances) identification by the complaining witness, Mrs. Carslaw, of him at the trial as the second of the two men who robbed her.

We affirm the conviction because in our view the circumstances of the identification by Mrs. Carslaw in the elevator, even if it were—which she does not admit—the source or a source of her identification of him in court, were permissible and not highly suggestive.

The dominant aspect of the circumstances is that the elevator identification was made within a few minutes of the crime, almost on the scene of the crime, in the very building where the crime occurred. In our view this makes this case wholly distinguishable from cases cited to us and other cases of a showup or lineup of the conventional type.

Affirmed.