Robert Louis STYLES, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 1, 1974.

Rehearing Denied April 26, 1974.

Anthony M. Wilhoit, Public Defender, J. Vincent Aprile, II, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Thomas R. Emerson, Asst. Atty. Gen., Frankfort, for appellee.

REED, Justice.

Robert Lewis Styles appeals from a judgment entered in accordance with a jury's verdict convicting him of the felony of armed robbery and of the misdemeanor of flourishing a deadly weapon. His punishment for commission of the misdemeanor (a fine and jail sentence) was suspended by the trial judge. His punishment for commission of the felony was 18 years' confinement in the penitentiary.

Styles contends that reversible errors were committed in the trial court in two instances: One, the fruits of a constitutionally impermissible search were admitted as evidence. Two, the trial judge's instructions to the jury failed to include the offense of common law robbery, which permits a lesser punishment than is prescribed for armed robbery. We have con-

cluded that the warrantless search was reasonable under the exigent circumstances presented and that the total evidence did not require an instruction on common law robbery. We affirm the judgment.

On April 15, 1972, a liquor store in Owensboro, Kentucky, was the scene of a robbery. The robber forced a clerk in the store to place the currency in the cash register in a sack used for six-packs of beer. Two clerks were on duty in the store, and after the robbery they immediately called the police. The police were promptly furnished with a description of the robber.

The commission of the robbery, which included the elements that a man wearing a tight-fitting green jacket who displayed a small-caliber gun had effected the holdup, was communicated by regular official channels to police officer Hancock who was then on duty. Hancock spotted a man fitting the description. The police officer drove his cruiser close to the suspect and called to him to stop. The suspect ran and Hancock ran after him. While running, the suspect removed a small blue gun from his left jacket pocket. Hancock then fired a warning shot; the suspect put the gun back into his jacket and shortly thereafter ran into a motel.

Hancock followed the man into the motel and observed that the elevator indicator showed a stop at the fourth floor. By this time several other officers had arrived. Hancock obtained a master key from the hotel clerk who informed the officers that only two rooms (417 and 410) on the fourth floor were occupied. Hancock searched the vacant rooms and room number 417 without finding anyone. Then Hancock and his fellow officer, Rose, unlocked and entered room number 410. They saw the green jacket hanging in a closet. They found Styles lying on his back on the floor. They arrested Styles and then searched his person. This search produced an envelope containing currency in the amount of $420 and .22-caliber derringer. The motel-room window was open

and officer Rose observed a brown paper sack down in the grillwork of the facade of the building. The sack had been torn into many pieces and was wadded up into a ball. The gun, the envelope and its contents, the jacket and the torn pieces of sack, were admitted as evidence at the trial over Styles' timely objection.

The two liquor store clerks positively identified Styles as the robber. The owner of the store identified the sack as similar to those he used in his store. He also testified that $444.48 was missing from the cash register as a result of the theft.

■ Styles' argument concerning the invalidity of the search is hinged on an unacceptable premise. He advances the objection that when officer Hancock lost sight of him as he ran into the motel, any right to further pursue him and arrest him without a warrant ceased. Although Styles was arrested with the announcement that it was for the misdemeanor of flourishing a deadly weapon, the undisputed evidence shows that the police were acting with ample probable cause to apprehend a fleeing person who possessed a gun and who they had reasonable grounds to believe had committed a felony. The reasonableness of the actions of the police must be considered in that context. Cf. Johnson v. Commonwealth, Ky., 443 S.W.2d 20 (1969).

■ When officers are in hot pursuit of a suspect they have reasonable grounds to believe has committed a felony and who flourishes a weapon, exigent circumstances exist which require the officers to act not only for their own protection but also for the protection of the lives and property of others endangered during such an event. If we were to hold that a momentary loss of sight by the pursuing officers terminated the existence of exigent circumstances, we would formulate a completely unreasonable and unworkable restriction upon police conduct.

Other courts that have regarded the requirements of the Fourth Amendment with definite strictness, as we have tried to do, have, nevertheless, felt compelled to reject the basic premise argued by Styles. See United States v. Miller, 145 U.S.App.D.C. 312, 449 F.2d 974 (1971). As Styles ran from the police and hid in the motel room, he surely had no reasonable expectation of privacy as long as the police were in hot pursuit. So far as the other motel rooms on the same floor were concerned, Styles never possessed a reasonable expectation of privacy as to them. We conclude that the "certain exigent circumstances" exception to the requirement of a search warrant defined in the cases of McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948), and Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed. 2d 782 (1967), was present.

In addition, the search of Styles' person incident to a valid arrest was reasonable under United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). So far as the jacket and the torn paper bag are concerned, they were each secured as evidence in plain view pursuant to an initial intrusion by the police supported by a specifically recognized exception to the warrant requirement. Therefore, they were admissible in evidence. See Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

We have read the testimony of the clerk in the liquor store concerning the circumstances of the robbery. This testimony established that the robber identified as Styles used the display of a small pistol to back up his demand for the store's money. Styles testified that the object of his visit to Owensboro was to gamble; that he bought a pint of liquor at the liquor store and stayed in his room. The total evidence falls short of requiring an instruction on common-law robbery. It was unnecessary for the clerk to describe the pistol in extensive detail. According to the prosecution's evidence, the pistol was intended by its user to convince the victim that it was a pistol and the victim was so convinced. We find no error in the instruction. See Merritt v. Commonwealth, Ky., 386 S.W.2d 727 (1965).

The judgment is affirmed.

OSBORNE, C. J., and JONES, MILLIKEN, PALMORE, REED and STEINFELD, JJ., sitting.

All concur.