Cleveland JONES, Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

July 15, 1977.

Discretionary Review Denied Nov. 14, 1977.

Richard L. Receveur, Asst. Dist. Defender, Terrence R. Fitzgerald, Deputy Public Defender, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., James S. Goldberg, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWARD, LESTER and WILHOIT, JJ.

WILHOIT, Judge.

Appellant, Cleveland Jones, was indicted by the Jefferson County Grand Jury on November 25, 1975. The indictment charged Jones with robbery in the first degree, KRS 515.020, and robbery in the second degree, KRS 515.030. On May 26, 1976, the day of trial, the court dismissed the indictment count charging robbery in the second degree. Jones was found guilty of robbery in the first degree and the jury set punishment at confinement in the penitentiary for 10 years. Jones appeals alleging the following grounds for reversal: 1) a photograph of him introduced into evidence was obtained as the fruit of an illegal arrest and, therefore, not properly admissible or properly used for identification; 2) this photograph was impermissibly suggestive and led to his identification by the victim which identification should have been suppressed; and 3) the court failed to give a tendered instruction on reasonable doubt concerning the identification of him.

On the afternoon of October 10, 1975, the victim went to Bashford Manor Mall in Louisville, Kentucky, to get her hair fixed. After parking her car, she observed a man coming across the parking lot toward her. The man grabbed her purse and she resisted; he struck her twice with his fist, knocking her to the ground and causing her injury. The man then took the purse and ran off across the parking lot.

Later that same day, the Jefferson County Police Department received a telephone call from a reliable confidential informant who told the officer: "if we were looking for the gentleman that was taking all the purses over at Bashford Manor Mall, to talk to Cleveland Jones." The officer who had

received the telephone call stated that the informant gave his name and that he had given information in the past. The informant did not say that he was an eyewitness to the crime or that he had any personal knowledge of the crime. Based solely on the informant's tip, Cleveland Jones, Jr., was arrested the following day, October 11, 1975.

After his arrest, Jones was photographed by the Jefferson County Police Department. In the photographs Jones has a board suspended around his neck containing the following:

15071

Jefferson County PD

Lou Ky

OCT 11 1975

19 509 140 ROB

On the same card there appears both a front view and a side view of Cleveland Jones.

On October 28, 1975, Detective Jones took the above photograph and 5 others to the victim to see if she could identify the man who struck her and took her purse. The other 5 photographs are also police photographs and each individual is shown in both a front view and a side view. The photo of individual 21912 contains the date "Feb. 11 1975" and, at the bottom of the board, the following: "27 508170 MISC"; individual 9344 contains the date "JUNE 28 1973" and "20 508 150 N"; individual 22799 contains the date "JUNE 3 1975" and "27 506 145 ROB"; individual 173068 contains the date "3 02 '74" and "POLICE DEPT. LOUISVILLE, KY." (all the others are Jefferson County Police Department); and individual 15963 contains the date "APRIL 17 1975" and "20 509 155 R". All are black males but only Cleveland Jones and 15963 are pictured wearing caps.

On March 31, 1976, the defendant moved to suppress the identification made by the victim. A suppression hearing was held on the day of trial, May 26, 1976. At the hearing, the victim testified that the individual who stole her purse was wearing a cap and that Cleveland Jones was pictured

in the photograph wearing a cap, and the fact that he had a cap on aided in her identification. From the time she was shown the photograph, including at actual confrontation, the victim was certain that he was her assailant. A detective testified that the "ROB" on the picture indicated that the defendant had been arrested for robbery. The trial court overruled the motion to suppress. At trial evidence was introduced concerning the picture identification and the victim made an in-court identification of Jones as her assailant.

■ Under the facts before us we have no hesitancy in holding that the warrantless arrest of Jones was illegal. An officer does not have reasonable grounds to believe the person being arrested has committed a felony when the only information he has is that a reliable confidential informant has told him if he is "looking for the gentlemen that was taking all the purses over at Bashford Manor Mall, to talk to Cleveland Jones". KRS 431.005(1); *Iles v. Commonwealth,* Ky., 476 S.W.2d 170 (1972); *Smallwood v. Commonwealth,* 305 Ky. 520, 204 S.W.2d 945 (1947).

■ This being so, this case then appears to fall within the rule enunciated by the United States Supreme Court in *Davis v. Mississippi,* 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969). There the Court held that fingerprints taken from a defendant while he was being illegally detained by police were taken in violation of his rights under the fourth amendment to the United States Constitution and were consequently not admissible into evidence against him. It reasoned that fingerprints, like statements and articles taken from a prisoner's possession, have the characteristic of being something of evidentiary value which an arrested person has been caused by the public authorities to yield to them during an illegal detention. The Court concluded that if one such product of an illegal detention is proscribed, then all should be. *Davis v. Mississippi, supra,* at 724, 89 S.Ct. 1394.

■ We believe that the photographs taken of Jones by the Jefferson County

authorities while he was being illegally detained were no less subject to the restrictions of the fourth amendment than were the fingerprints of Davis taken by the Mississippi authorities. Davis was caused to yield physical impressions of his fingertips there and Jones was caused to yield physical impressions of his appearance here. The photographs and the victim's identification of them should not have been admitted into evidence. *Davis v. Mississippi, supra; Iles v. Commonwealth, supra.* Under the circumstances of this case we are unable to say that there is no substantial possibility that the result would have been different had this evidence not been admitted since the case for the Commonwealth is based entirely on the identification of Jones by the victim. This error thus requires reversal. *Niemeyer v. Commonwealth,* Ky., 533 S.W.2d 218 (1976).

We do not wish to imply by this holding that it goes beyond the situation in which photographs are secured as the result of an illegal arrest. It does not. There are many ways in which police officers without probable cause for arrest can properly obtain photographs of a suspect. Neither are we confronted here with a situation in which photographs originally taken illegally are later used under circumstances sufficiently removed from the original taint as to fall outside of the purposes of the exclusionary rule.

■ As to the suggestiveness of the photographs, when we take into account the facts that the photograph of Jones bore a date which was the next day after the robbery in question, and the only date shown on any of the photographs which was close to the date of the crime, that it was one of two bearing the notation "ROB", and that it was one of two in which the individuals were wearing caps, we believe it was impermissibly suggestive. Even so, under the rule announced in *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), the central issue to be determined is whether under the "totality of the circumstances" the in-court identification of Jones was reliable even though the picture identification procedure was suggestive. Factors to be considered are the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of the witness's prior description of the criminal, the level of certainty of the witness demonstrated at the confrontation, and the length of time between the crime and the confrontation. *Neil v. Biggers, supra,* at 199, 93 S.Ct. 375.

Consideration of all but one of these factors would favor the likelihood that Jones was correctly identified by the victim. Unfortunately, the record offers us almost no information as to any description she made prior to being shown the photographs. We are able to determine that she stated that her assailant was wearing a cap and apparently that he was a black male, nothing more. On retrial the court should also explore this factor in any hearing to suppress the victim's identification of Jones. Findings of fact also should be made to make a proper record for any possible appellate review. *Lee v. Commonwealth,* Ky.App., 547 S.W.2d 792 (1977).

■ Finally, we believe that the trial court did not err in refusing to give the tendered instruction on reasonable doubt concerning the identification. The substance of this instruction is encompassed by the reasonable doubt instruction which was given by the court.

The judgment of the trial court is reversed.

ALL CONCUR.