**Robert Lee BROWN and Kenneth Lloyd Hill, Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 17, 1978.

Terrence R. Fitzgerald, Deputy Public Defender, Commonwealth of Kentucky, Louisville, for appellants.

Robert F. Stephens, Atty. Gen., Commonwealth of Kentucky, Mark F. Armstrong, Asst. Atty. Gen., Commonwealth of Kentucky, Frankfort, for appellee.

Before COOPER, HOWARD and PARK, Judges.

PARK, Judge.

The appellants, Robert Lee Brown and Kenneth Lloyd Hill, were both convicted by a jury of robbery in the first degree (KRS 515.020), and each received a sentence of ten years imprisonment. Their appeal is based principally upon the trial court's failure to grant an evidentiary hearing on their motion to suppress evidence of eyewitness identification and evidence of incriminating statements made following their arrest. The Commonwealth concedes that the trial court's failure to conduct an evidentiary hearing on the suppression motions constituted error. The crucial questions on appeal are: (1) whether the judgments of convictions must be reversed, rather than remanded to the trial court with directions to conduct an evidentiary hearing on the issues raised by the suppression motions; and (2) what procedures should be followed on reversal or remand.

## FACTUAL BACKGROUND

On the evening of November 17, 1975, two young black men robbed the McDonald's Restaurant on Dixie Highway in southern Jefferson County. One of the men threatened an employee, Rosalie Franklin, with a pistol. After clearing out the cash register, the two men fled on foot across an open field toward an apartment complex. As the two robbers fled from the restaurant, they were observed by five girls

who were seated in an automobile parked in the McDonald's parking lot. Suspecting that there had been a robbery, the girls drove toward the apartment complex. As the girls were entering the apartment complex, they saw the two young black men in an automobile leaving the apartment complex. The girls turned around and followed the automobile several miles to the Leslie Motel. The girls then telephoned the police, giving them the license number and description of the automobile which was parked at the Leslie Motel.

Approximately twenty minutes after the robbery, the police arrived at the Leslie Motel. Brown and Hill were arrested in a room at the Leslie Motel opposite the automobile followed by the girls.

## PHOTOGRAPH IDENTIFICATION ISSUE

On October 1, 1976, two of the girls who had followed the automobile to the Leslie Motel were interviewed in the office of the Commonwealth's Attorney. The two girls, Sherry Lineberry and Susan Scott, were both shown a group of seven mug shots of young black men. Both girls identified photographs of Brown and Hill as the two men whom they had seen fleeing the McDonald's Restaurant and whom they had observed leaving the apartment complex in the automobile which they followed to the Leslie Motel. At the trial of the case, both Lineberry and Scott again identified Brown and Hill as the two robbers. In addition, the Commonwealth introduced evidence of the identification made by the two girls on October 1, 1976, from the group of photographs.

The seven photographs shown Lineberry and Scott were mug shots from the files of the Jefferson County Police Department. In each photograph a board was suspended from around the neck of the individual. Each board contained information for identification purposes. In the case of Brown and Hill, each board contained the abbreviation "ROB" and the date "November 17, 1975." In the other five photographs, the boards did not contain the robbery date of

November 17, 1975, nor were any two dates the same. Only one of the other five photographs contained the abbreviation "ROB." This court recently found that such information made a photograph "impermissibly suggestive" for identification purposes. *Jones v. Commonwealth*, Ky.App., 556 S.W.2d 918, 921 (1977). However, this court held that the photograph in question should not have been admitted into evidence because it was obtained as a direct result of an arrest which was patently illegal. That argument is not made concerning the photographs of Brown and Hill. Consequently, the *Jones* case is not directly in point, and we must consider the admissibility of evidence of the photographic identification of the two accused by Lineberry and Scott.

In recent years, it has been the vogue of both bench and bar to consider the admissibility of evidence of out-of-court identification solely as a question of federal constitutional law. Little or no consideration is given to whether evidence of an out-of-court identification would be admissible as a matter of state law. Unless an out-of-court identification is admissible under state law, it is unnecessary to reach the federal constitutional question. Therefore, we first consider whether evidence of the out-of-court photographic identification was admissible as a matter of Kentucky law.

For many years, it was the general rule in Kentucky that evidence of out-of-court identification of the accused was inadmissible at the subsequent trial of the accused. *E. g. Griffith v. Commonwealth*, 250 Ky. 506, 63 S.W.2d 594 (1933). However, this line of cases was overruled in *Colbert v. Commonwealth*, Ky., 306 S.W.2d 825, 71 A.L.R.2d 442 (1957). In the *Colbert* case, the court held that a witness could testify that he had made a prior out-of-court identification of the accused. Nevertheless, the court in the *Colbert* case held that it was error to permit a third person to testify that he heard or observed the witness make the out-of-court identification of the accused. In *Preston v. Commonwealth*, Ky., 406 S.W.2d 398, 29 A.L.R.3d 1387 (1966), *cert. denied*, 386 U.S. 920, 87 S.Ct. 886, 17

L.Ed.2d 792 (1967), the court extended the *Colbert* opinion. The court held that once a witness has testified that he made a prior out-of-court identification of the accused, the Commonwealth may introduce the testimony of other witnesses to corroborate the fact that the witness did make the prior out-of-court identification.

■ Evidence of a prior out-of-court identification is usually introduced for the purpose of corroborating the in-court identification of the accused by the witness. *Preston v. Commonwealth, supra,* 406 S.W.2d at 403; 4 *Wigmore on Evidence,* § 1130 (Chadbourn rev. 1972). *Cf. Summitt v. Commonwealth,* Ky., 550 S.W.2d 548, 550 (1977). Because of the courtroom setting itself and the influence of intervening events, an in-court identification of the accused may not have great testimonial force. On the other hand, a prior out-of-court identification may be much more reliable if made under circumstances reasonably free of improper influence at a time when the witness's memory is fresher. However, before a pre-trial identification may be admitted into evidence, the conditions and circumstances of the identification "should be fair and be free of influences and suggestions calculated to induce a fancied recognition." *Colbert v. Commonwealth, supra,* 306 S.W.2d at 828. If the circumstances surrounding the out-of-court identification are so suggestive that it possesses fewer indicia of reliability than the witness's in-court identification, evidence of the prior out-of-court identification has little value for the purpose of corroborating the in-court identification. As a corollary to the rule enunciated in the *Colbert* case, a witness is not competent to testify to his own prior out-of-court identification of the accused made under circumstances calculated to induce a fancied recognition of the accused. If the witness is not competent to testify to his own prior identification, the rule in the *Preston* case would not permit other persons to testify that the witness had made the prior out-of-court identification.

Evidence of a prior out-of-court identification is usually admitted for purposes of corroboration. Such evidence is not generally admissible under the doctrine enunciated in *Jett v. Commonwealth,* Ky., 436 S.W.2d 788 (1969). The *Jett* rule permits the introduction of evidence of out-of-court statements which are inconsistent with the testimony of the witness at trial. The *Jett* rule does not permit the introduction of evidence of statements which are consistent with the testimony of the witness at trial. *Lynch v. Commonwealth,* Ky., 472 S.W.2d 263 (1971).

■ The identification of the photographs of Brown and Hill by the witnesses, Lineberry and Scott, was made on October 1, 1976, almost a year after the robbery. Lineberry and Scott testified at trial on February 2, 1977. Consequently, it is difficult to believe that the witnesses' recollection of the robbers was much fresher on the date of the photographic identification than it was at the date of trial. Even more important, the photographs of Brown and Hill both bore the date of the robbery, November 17, 1975, and both photographs bore the legend "ROB." Any person of ordinary intelligence would conclude that the persons in these two photographs had been arrested for robbery on the very date of the McDonald's Restaurant robbery. None of the other five photographs shown Lineberry and Scott contained a date close to November 17, 1975, and only one of the other photographs contained the legend "ROB." The photographs clearly suggested that Brown and Hill should be identified as the persons committing the McDonald's restaurant robbery.

There was absolutely no necessity for using such suggestive photographs. If no other photographs were available, then the identification material on each photograph could have been obscured by tape or simply cut off. Because the identification legends on the photographs of Brown and Hill were unnecessarily and unduly suggestive, and because the identification of the photographs was made by Lineberry and Scott so many months after the robbery, we con-

clude that the pre-trial identification was no more reliable than the witnesses' in-court identification of Brown and Hill. When Lineberry and Scott identified the photographs of Brown and Hill, they displayed no more familiarity with the identity of the robbers than they exhibited by their in-court identification of the two accused. Consequently, the evidence of the prior identification had no value for the purpose of corroborating the in-court identification of Brown and Hill. The trial court should have sustained the motion to suppress evidence of the out-of-court identification of the photographs of Brown and Hill.

■ Although evidence of the out-of-court identification of the two accused by Lineberry and Scott should have been suppressed, it does not follow that they were barred from identifying Brown and Hill in court as a matter of federal constitutional law. The in-court identification by Lineberry and Scott would deny Brown and Hill due process of law only if the "photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377, at 385, 88 S.Ct. 967, at 971, 19 L.Ed.2d 1247 (1967). *See also Coleman v. Alabama,* 399 U.S. 1, at 5, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). There would be a denial of due process if the suggestive elements on the photographs made it all but inevitable that Lineberry and Scott would identify Brown and Hill in court whether or not they were in fact the robbers. *See Foster v. California,* 394 U.S. 440, at 443, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969). A finding that the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of "irreparable misidentification" means, in effect, that no one now or hereafter can believe Lineberry's and Scott's identification of the two accused as the robbers. *Foster v. California, supra,* 394 U.S. at 446, 89 S.Ct. 1127 (dissenting opinion, Black, J.).

■ Before Lineberry and Scott can be permitted to make an in-court identification of Brown and Hill, the trial court must conduct an evidentiary hearing outside of the presence of the jury. Following such a hearing, the trial court should make findings of fact.[1] In determining whether Lineberry's and Scott's in-court identification of the two accused is reliable, the trial court should consider the opportunity of the witnesses to view the robbers at the time of the crime, their degree of attention, the accuracy of their prior description of the robbers, the level of certainty the witnesses demonstrate at the time of the in-court identification, and the length of time between the crime and the in-court identification. *Jones v. Commonwealth, supra,* 556 S.W.2d at 921. *See also Neil v. Biggers,* 409 U.S. 188 at 200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

## SHOW–UP IDENTIFICATION

■ Two employees of the McDonald's Restaurant, Rosalee Franklin and David Appleby, observed the two men who committed the robbery. Shortly after Brown and Hill were taken into custody at the Leslie Motel, Franklin and Appleby were taken by the police to the motel. Both witnesses were told by police officers that "they thought they had the two guys," and they wanted to see if Appleby and Franklin could identify them as the robbers. At the motel, Brown and Hill were placed handcuffed in the beam of the headlights of the car in which Franklin and Appleby were seated. At trial, Appleby testified that he identified both Hill and Brown at the motel. He also identified them in court. Franklin testified that she could recall seeing only one man at the motel and that she identified him as one of the two robbers. She could not recall which accused she identified. However, Franklin testified at trial

1. RCr 9.78 requires the trial court to make findings of fact supporting its decision to grant or deny a motion to suppress evidence of a confession or other incriminating statements or evidence of fruits of a search. To afford mean-

ingful appellate review, the trial court should also make findings following hearings on motions to suppress identification evidence as well.

that she could identify both Brown and Hill in the courtroom.

Both witnesses had an opportunity to observe the robbers clearly for at least a minute inside the well lighted restaurant. The "show-up" identification of Brown and Hill occurred approximately 45 minutes after the robbery. The circumstances surrounding the identification of Brown and Hill by Franklin and Appleby required an evidentiary hearing out of the presence of the jury, but they were not, as a matter of law, so impermissibly suggestive as to deny Brown and Hill due process of law.

■ In *Stidham v. Commonwealth*, Ky., 444 S.W.2d 110 (1969), the court upheld a show-up identification under circumstances very similar to those in this case. The two accused were stopped and arrested for a traffic violation. Receiving information over the radio concerning an armed robbery of a liquor store, the police held the two men at the point of arrest until the victim of the robbery could be transported there for identification purposes. In upholding the robbery victim's identification of the two men, the court stated:

> The police needed to know immediately whether to hold these two suspects or to release them. They needed to know whether to continue the search for the guilty. The victim of the crime had within an hour faced the guilty parties in a lighted room. *We believe it good that he could again face them within such a short time while his memory was still fresh concerning the details.*

*Id.* at 111–112 (emphasis added). The suggestiveness of the circumstances surrounding the identification at the motel is counterbalanced by the proximity in time of the identification to the robbery. Because their memory of the events surrounding the robbery was still fresh, it was less likely that Franklin and Appleby would be influenced by any suggestive circumstances surrounding the motel identification. The admission of evidence of a show-up identification does not, without more, violate due process. The central question is whether, under the totality of the circumstances, the identification was reliable even though the confrontation procedure was suggestive. *Neil v. Biggers, supra,* 409 U.S. at 198–99, 93 S.Ct. 375; *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243 at 2248–49, 53 L.Ed.2d 140 (1977).

The fact that the accused were handcuffed does not alone require suppression of the show-up identification. *U. S. v. Lee,* 158 U.S.App.D.C. 296, 485 F.2d 1075 (1973); *United States v. Hines,* 158 U.S.App.D.C. 296, 455 F.2d 1317 (1972), *cert. denied* 406 U.S. 969, 92 S.Ct. 2427, 32 L.Ed.2d 669 (1972). Nor does the fact that Franklin was exceedingly nervous compel suppression of her identification. *United States v. Hines, supra.* The lapse of 45 minutes between the robbery and the encounter at the motel was not so impermissibly long that any show-up identification must be suppressed. *United States ex rel. Penachio v. Kropp,* 448 F.2d 110 (6th Cir. 1971). The statement by the police that they thought they had captured the robbers and wanted to see if they could be identified was not necessarily impermissible. As the court stated in *United States v. Yates,* 173 U.S. App.D.C. 308, 310, 524 F.2d 1282, 1284 (1975), "the officer was articulating only that which is 'apparent' in any show-up · . · . .''

Prior to admitting evidence of the motel identification upon a retrial of the case, the trial court must conduct an evidentiary hearing out of the presence of the jury and make findings of fact respecting the reliability of the out-of-court show-up identification by Franklin and Appleby. We do not hold that such evidence was admissible, only that it is not inadmissible as a matter of law. In determining whether evidence of the motel show-up identification is admissible, the trial court shall consider the factors outlined by this court in the *Jones* opinion and outlined by the Supreme Court in *Neil v. Biggers, supra,* and *Manson v. Brathwaite, supra.*

## CONFESSIONS

■ The trial court erred in failing to conduct an evidentiary hearing on the motion to suppress incriminating statements

made by Brown and Hill following their arrest at the Leslie Motel. Brown and Hill contend that the statements were made without their having received the *Miranda* warnings. An evidentiary hearing out of the presence of the jury and findings of fact by the trial judge are required before evidence of a custodial confession or other incriminating statement may be introduced into evidence before the jury. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); *Jones v. Commonwealth*, Ky., 560 S.W.2d 810, 24 Ky.L. Summ. 16 (1977); *Britt v. Commonwealth*, Ky., 512 S.W.2d 496 (1974). *See also Bradley v. Commonwealth*, Ky., 439 S.W.2d 61 (1969); *Lee v. Commonwealth*, Ky.App., 547 S.W.2d 792 (1977). Upon a retrial of the case, the trial court shall comply with the provisions of RCr 9.78, which now requires that "the trial court shall conduct an evidentiary hearing outside the presence of the jury and at the conclusion thereof shall enter into the record findings resolving the essential issues of fact raised by the motion or objection and necessary to support the ruling."

## ILLEGAL SEARCH

■ The police arrested Brown and Hill inside a room at the Leslie Motel. At the same time, the police seized a gun and a quantity of money. Brown and Hill filed a motion to suppress all evidence seized at the motel room on the grounds that they constituted the fruits of an illegal search and seizure without a warrant. The trial court failed to hold a full scale evidentiary hearing on this motion. A conference was held out of the presence of the jury at which police officers were permitted to discuss with the court their action at the motel. However, none of the police was ever placed under oath. The only witness who did testify under oath was a woman occupant of the motel room. The record clearly indicates that the informal nature of the hearing on the motion to suppress was *not* with the consent or agreement of trial counsel for Brown and Hill. Although the trial court did not make any findings of fact or give any explanation for its ruling,

the trial court did sustain the motion to the extent of suppressing any evidence of the gun and money seized in the motel room.

On appeal, Brown and Hill make the following contentions:

All testimony concerning the entry of the police officers into that motel room, all statements made therein, the show-up conducted minutes thereafter, facts concerning whether the appellants were actually arrested at that motel, should have been excluded by the trial judge as fruits of the original illegal entry.

In support of this argument, Brown and Hill rely upon decisions in *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); and *Jones v. Commonwealth*, Ky.App., *supra*.

In the absence of a full evidentiary hearing and findings of fact by the trial court, it is impossible for this court to determine whether the entry into the motel room was illegal. There are two possible grounds which would justify entry by the police into the motel room without a warrant. First, the contention is made that the woman occupant of the motel room consented to the entry. Of course, the trial court was not required to accept this explanation by the police officers, and the trial court was free to believe the testimony of the woman that she did not voluntarily consent to the entry by the police into the motel room. Unfortunately, we have neither any finding of fact nor a full hearing on this issue.

Second, it is possible that the entry into the motel room was justified in the absence of a warrant because of exigent circumstances. The suspected robbers had been trailed from the restaurant to the motel by the girls who had then called the police. The police arrived at the motel minutes later. They had every reason to believe that the robbers were present in the motel and that the men were armed. Consequently, the police may have been justified in entering the motel room without a warrant· for the purpose of searching for the

robbery suspects and weapons. *Warden v. Hayden*, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); *Styles v. Commonwealth*, Ky., 507 S.W.2d 487 (1974). Whether the search could be justified on the grounds of exigent circumstances could be determined only upon the record after a full scale evidentiary hearing. If Brown and Hill renew their motion to suppress the fruits of the search conducted at the motel, the trial court must conduct an evidentiary hearing outside the presence of the jury and enter into the record findings resolving the essential issues of fact raised by the motion. RCr 9.78.

Even if the entry into the motel room without a warrant were not justified, we doubt that this was the type of egregious police misconduct condemned in *Brown v. Illinois, supra.* Compare the decision of this court in *Jones v. Commonwealth*, Ky.App., *supra*, with the opinion *Hebert v. Commonwealth*, Ky.App., 566 S.W.2d 798 (this day decided). However, in the absence of a full record on the issue of the legality of the search of the motel room, we do not need to make a final ruling whether the incriminating statements by Brown and Hill and show-up identification by Franklin and Appleby should be suppressed as the fruits of an illegal entry into the motel room.

### OTHER ISSUES

The other issues raised by this appeal are not likely to occur upon a retrial of the case; therefore, we need not decide those issues.

The judgment of the circuit court is reversed with directions to grant Brown and Hill a new trial.

ALL CONCUR.