William Clyde McCLOUD, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Supreme Court of Kentucky.

Oct. 31, 1985.

Frank W. Heft, Jr., J. David Niehaus, Office of the Jefferson Dist. Public Defender, Louisville, for appellant.

David Armstrong, Atty. Gen., K. Gail Leeco, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENS, Chief Justice.

William Clyde McCloud was convicted in Jefferson Circuit Court of two counts of first-degree robbery and of being a first-degree persistent felony offender. He received a sentence of fifty years' imprisonment, and appeals to this Court as a matter of right. We affirm.

The robberies took place in Jefferson County, the first at a Convenient Food Mart on May 18, 1982, and the second at a Short Stop Food Mart on May 20, 1982. At trial, the Commonwealth called on Larry McCarty to testify. McCarty witnessed the first robbery at the Convenient Food Mart while he was a customer in the store. The Commonwealth asked McCarty whether the man who robbed the Convenient store was present in the courtroom. McCarty stated that he could not be sure. Other evidence was introduced to show that the appellant, McCloud, had grown a beard since the time of the Convenient robbery. At trial, McCloud was clean shaven.

The Commonwealth then went on to question McCarty concerning a prior identification he had made of the robber. McCarty stated that he had identified the appellant as the robber from a photopak shown to him by the police within one month of the Convenient robbery. The appellant was clean shaven in the photopak.

The appellant objected at trial, and raises the issue here on appeal, that the introduction of evidence of a witness's extra-judicial identification of the appellant as the robber from a photopak, when the witness could not identify the appellant at trial as the robber, was erroneous and substantially prejudiced the right of the appellant to a fair trial. The appellant asserts that even in cases where an extra-judicial identification is admissible, the extra-judicial identification evidence is not to be viewed as substantive evidence, but as corroborative of the in-court identification. Thus, he argues, when the witness fails to make an in-court identification of the accused, there is nothing for the extra-judicial identificaiton to corroborate, and it is therefore inadmissible. We do not agree. The testimony of McCarty recounted competent, material, relevant evidence. *Brown v. Commonwealth*, Ky.App., 564 S.W.2d 24 (1978). McCarty was fully available for cross-examination by the appellant, and his testimony was admissible. The competency, relevancy, and materiality of the extra-judicial identificaiton is not lessened by the failure of McCarty to identify the appellant at trial. The lack of an in-court identification merely goes to the weight, and not to the admissibility, of this evidence. The trial court did not err in admitting it.

The appellant raises four other issues on appeal. We have examined each one and find no reversible error.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.