IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00200-CV

 

In the
Interest of T.R.F., a Child

 

 

 



From the 82nd District Court

Robertson County, Texas

Trial Court No. 05-07-17,283-CV

 



CONCURRING Opinion



 

I concur in the Court’s disposition of this
appeal.  However, I continue to question whether subsection 263.405(i), as
applied to termination cases involving an indigent parent whose appointed
appellate counsel is not the same as appointed trial counsel, passes
constitutional muster because it can operate to deprive appellate review of any
issues under its accelerated timetable.[1]  See
In re E.A.R., 201 S.W.3d 813, 816-18 (Tex. App.—Waco 2006, no pet.) (Vance,
J., concurring).

T.F.’s two issues in her untimely statement of
points are:  (1) the trial court abused its discretion by failing to dismiss
this case when the dismissal date passed; and (2) the trial court abused its
discretion in extending the dismissal date when no evidence existed supporting
a finding of extraordinary circumstances.  T.F., through her appointed
appellate counsel, asserts that her statement of points was untimely in part
because trial counsel did not return repeated phone calls in advance of the
various appellate deadlines.  

This circumstance raises at least the possibility
of an ineffective-assistance-of-counsel claim relating to the untimely
statement of points, and at least one court has held that an
ineffective-assistance-of-counsel claim need not be in a statement of points.[2] 
Doe v. Brazoria County Child Prot. Serv’s., --- S.W.3d ---, ---, 2007 WL
93394, at *11 (Tex. App.—Houston [1st Dist.] Jan. 16, 2007, no pet. h.); but
see In re J.F.R., 2007 WL 685640, at *2 (Tex. App.—Beaumont Mar. 8, 2007, no pet.
h.) (mem. op.) (appellant must present
ineffective-assistance claim in statement of points, either in a separate
instrument or part of motion for new trial); In re J.H., 2007 WL 172105,
*1 (Tex. App.—Tyler, Jan. 24, 2007, no pet.) (mem. op.) (same); In re
A.H.L., III, 214 S.W.3d 45, 54 (Tex. App.—El Paso, Oct. 26, 2006, pet.
denied) (same); In re D.A.R., 201 S.W.3d 229, 230-31 (Tex. App.—Fort
Worth 2006, no pet.) (same).

Recognizing that our courts of appeals are
following a strict interpretation of the statute, I reluctantly concur.  Cf.
Pool v. Texas Dep’t Fam. & Prot. Serv’s., --- S.W.3d ---, ---, 2007 WL
624556, at *2 (Tex. App.—Houston [1st Dist.] Mar. 1, 2007, no pet. h.)
(impliedly recognizing existence of ineffective-assistance
claim for trial counsel’s failure to file timely statement of points).

 

 

BILL VANCE

Justice

 

Concurring
opinion delivered and filed June 27, 2007

 









[1]               I have also
remarked that parental-rights termination cases are the “death-penalty” of
civil law.  In re K.G.M., 171 S.W.3d 502, 506 (Tex. App.—Waco 2005, no
pet.) (Vance, J., concurring).  The proceedings in these cases should be
strictly scrutinized, and the involuntary termination statutes are strictly
construed in favor of the parent.  Id. (citing Holick v. Smith,
685 S.W.2d 18, 20 (Tex. 1985)).





[2]
              Logically, an ineffective-assistance claim based on the untimeliness
of the statement of points could not be required in a timely statement of
points.








 placed on probation in the three cases.
      After the State rested, Appellant's trial counsel made a motion to dismiss the motions to
revoke on the grounds that there had been no evidence and/or insufficient evidence of any
conviction in these cases.
      The State's first witness, Xavier Sanchez, testified that he was a Community Supervision
Officer for Denton County; that he knew Appellant; that he had met with Appellant three times
since June 1997; and he identified Appellant in court. Sanchez further testified that Appellant
reported to him claiming to be the person placed on probation in Trial Court Cases Nos. F-95-0477-C, 20-159-C and 19-826-C.
      Point 1 is overruled in each case.
      Point 2: "The trial court erred and abused its discretion in revoking the community
supervision of Appellant based on improper admission of evidence by the State after the State had
closed all testimony."
      As noted, Appellant's motion to dismiss, on the grounds there was no evidence or insufficient
evidence of any conviction, was made after the State had rested. After Appellant made his motion
to dismiss, the court allowed the State to reopen and stated: "I will take judicial notice of the
entire contents of the court's file in Nos. 20-159-6, 19,826-C and F-95-0477-C, after which the
State again rested.
      Appellant asserts the trial court erred and abused its discretion in allowing the State to reopen
its case and did not remain impartial, but rather assisted the State in its case. Appellant further
asserts the trial court left the bench and made the prosecution and the bench one and the same by
its actions. Appellant now asserts this court should reverse for an abuse of discretion and violation
of fundamental due process as guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments
to the U.S. Constitution and their counterparts under the Texas Constitution. 
      The trial court may allow additional evidence to be introduced at any time prior to the
conclusion of argument if the testimony appears to be necessary in the due administration of
justice. Tex. Code Criminal Proc. art. 36.02. The trial court's decision to do so is reviewable
on appeal by the abuse of discretion standard. Sims v. State, 833 S.W.2d 281 (Tex.
App.—Houston [14th Dist.] 1992, pet. ref'd); Choice v.v State, 883 S.W.2d 325, 327 (Tex.
App.—Tyler 1994, no pet.).
      The trial judge may permit the State to reopen its case even if the defendant has made a
motion for an instructed verdict. Boatwright v. State, 472 S.W.2d 765 (Tex. Crim. App. 19791). 
And such is proper in a probation revocation hearing. Cantu v. State, 662 S.W.2d 455 (Tex.
App.—Corpus Christi 1983, no pet.).
      Moreover, this court can take judicial notice of the judgment placing Appellant on supervision
as long as it is in the record. Cobb v. Sate, 851 S.W.2d 871 (Tex. Crim. App. 1993). The Cobb
court held that the State is not required to introduce such judgments into the record and, because
the orders of probation are a part of the appellate record, that the Cobb court judicially noticed
the order of probation and presumed the trial court did so as well. Thus it was not necessary for
the trial court to permit the State to reopen in order for the trial court to take judicial notice of the
orders of probation.
      It is true that the law requires that judges be impartial and that they not take sides in assisting
either side in our adversary system of justice. Cannon 2A of the Code of Judicial Conduct
provides that “a judge . . . should conduct himself at all times in a manner that promotes public
confidence in the integrity and impartiality of the judiciary.”
      The foregoing is applicable to probation revocation hearings. And since the probationer is
entitled to due process at a hearing to revoke, the trial court should not assist the State in the
presentation of its case. Campbell v. State, 556 S.W.2d 918 (Tex. Crim. App. 1970).
      In reviewing this record, however, we do not find that Appellant was in any way denied due
process of law by the conduct of the trial court.
      In summary, the trial court was authorized to permit the State to reopen after it had rested;
was authorized to take judicial notice of the judgments in Appellant’s cases, with or without
reopening the case; and finally we do not find that Appellant was denied due process rights by any
action of the trial court.
      Point 2 is overruled in each case
      Point 3: “The trial court erred and abused its discretion in revoking the community
supervision of Appellant based on insufficient evidence of the violation of law by commission of
the offense Driving While Intoxicated.”
      The only issue on appeal from the revocation of community supervision is whether the trial
court abused its discretion. Flournoy v. State, 589 S.W.2d 705 (Tex. Crim. App. 1979). The
State must prove its allegations by a preponderance of the evidence. Shaw v. State, 622 S.W.2d
862, 863 (Tex. Crim. App. 1981). One sufficient ground for revoking supervision will support
the trial court’s order revoking community supervision. Moore v. State, 605 S.W.2d 926 (Tex.
Crim. App. 1980). In a revocation proceeding the judge is the trier of fact. Storey v. State, 614
S.W.2d 162, 164 (Tex. Crim. App. 1981). The court may accept or reject any or all testimony
of any witness. McGuire v. State, 537 S.W.2d 26, 28 (Tex. Crim. App. 1976).
      Officer Grant was on duty on January 29, 1997. About 10:47 p.m. he saw a black pickup
stopped at Hillside Drive and Highway 720 in the town of Little Elm. There was no traffic on the
road. The pickup started up and Grant saw it cross the center line three times. Grant activated his
lights and stopped the pickup. He identified Appellant as the driver. Grant talked with him,
noticed his words were slurred and his breath smelled of alcoholic beverage. He asked Appellant
if he had been drinking and Appellant said he had half a beer. Grant administered field sobriety
tests including a walk and turn test. Appellant was unable to perform the test. Grant testified that,
based on his training, experience and observations, he believed Appellant was intoxicated. Grant
then took Appellant to the county jail where Appellant refused to take a breathalyzer test.
      Witness Yaw arrived at the scene. She testified she smelled alcohol on Appellant’s breath.
Appellant denied drinking an alcoholic beverage; testified he did not do well on the walk and turn
test because he had bad feet and diabetes. Other witnesses testified they had been with Appellant
earlier in the evening and that he did not drink an alcoholic beverage. The trial court was
authorized to find Appellant guilty of DWI. Point 3 is overruled in each case.
      Point 4: “The trial court erred and abused its discretion in revoking the community
supervision of appellant based on admission of unqualified expert testimony.”
      Officer Grant testified that he based his opinion that Appellant was intoxicated in part on the
Horizontal Gaze Nystagmus (HGN) test that he administered. He admitted that he was not
certified by the State to administer this test.
      The trial judge stated on the record that he would disregard any testimony concerning the
Horizontal Gaze Nystagmus test and the testimony related thereto. The matter was rendered
harmless, if error, by the trial court’s declaration.
      Point 4 is overruled in each case.
      Point 5: “The trial court erred and abused its discretion in revoking the community
supervision of Appellant based on insufficient evidence of Appellant’s failure to report while under
community supervision.”
      Under our view of the case, this point is moot in each case. The judgment is affirmed in all
three cases.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis.
      Justice Cummings and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed August 26, 1998
Do not publish