IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00052-CV

 

City of College Station, Texas,

                                                                                    Appellant

 v.

 

Virtual Equity Group, Inc. and 

Mega Equity Holdings,

                                                                                    Appellees

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court No. 09-001135-CV-272

 



ORDER OF
REFERRAL TO MEDIATION










 

            The Legislature has provided for the
resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-154.073 (Vernon 2005).  The policy behind
ADR is stated in the statute: “It is the policy of this state to encourage the
peaceable resolution of disputes . . . and the early settlement of pending
litigation through voluntary settlement procedures.”  Id. § 154.002
(Vernon 2005).  Mediation is a form of ADR.  Mediation is a mandatory but
non-binding settlement conference, conducted with the assistance of a
mediator.  Mediation is private, confidential, and privileged.

            We find that this appeal is
appropriate for mediation.  See id. § 154.021(a) (Vernon 2005); 10th Tex. App. (Waco) Loc. R. 9.

            The parties are ordered to confer and
attempt to agree upon a mediator.  Within fourteen days after the date of this
Order, the City of College Station is ordered to file a notice with the Clerk
of this Court which either identifies the agreed-upon mediator or states that
the parties are unable to agree upon a mediator.  If the notice states that the
parties are unable to agree upon a mediator, this Court will assign a mediator.

            Mediation must occur within thirty
days after the date the above-referenced notice agreeing to a mediator is filed
or, if no mediator is agreed upon, within thirty days after the date of the
order assigning a mediator.

            No less than seven calendar days
before the first scheduled mediation session, each party must provide the
mediator and all other parties with an information sheet setting forth the
party’s positions about the issues that need to be resolved.  At or before the
first session, all parties must produce all information necessary for the mediator
to understand the issues presented.  The mediator may require any party to
supplement the information required by this Order.

            Named parties must be present during
the entire mediation process, and each corporate party must be represented by a
corporate employee, officer, or agent with authority to bind the corporate
party to settlement.

            Immediately after mediation, the
mediator must advise this Court, in writing, only that the case did or did not
settle and the amount of the mediator’s fee paid by each party.  The mediator’s
fees will be taxed as costs.  Unless the mediator agrees to mediate without
fee, the mediator must negotiate a reasonable fee with the parties, and the
parties must each pay one-half of the agreed-upon fee directly to the mediator.

            Failure or refusal to attend the
mediation as scheduled may result in the imposition of sanctions, as permitted
by law.  

            Any objection to this Order must be
filed with this Court and served upon all parties within ten days after the
date of this Order, or it is waived. 

            We refer this appeal to mediation.  

            The appeal and all appellate deadlines
are suspended as of the date of this Order.  The suspension of the appeal is
automatically lifted when the mediator’s report to the Court is received.  If
the matter is not resolved at mediation, any deadline that began to run and had
not expired by the date of this Order will begin anew as of the date the
mediator’s report to the Court is received.  Any document filed by a party
after the date of this Order and prior to the filing of the mediator’s report
will be deemed filed on the same day, but after, the mediator’s report is
received.

 

PER
CURIAM

Before
Chief Justice Gray,

        Justice
Reyna, and

        Justice
Davis

Order
issued and filed November 10, 2010

Do
not publish






ign: justify; line-height: 0.388889in">      The State's first witness, Xavier Sanchez, testified that he was a Community Supervision
Officer for Denton County; that he knew Appellant; that he had met with Appellant three times
since June 1997; and he identified Appellant in court. Sanchez further testified that Appellant
reported to him claiming to be the person placed on probation in Trial Court Cases Nos. F-95-0477-C, 20-159-C and 19-826-C.
      Point 1 is overruled in each case.
      Point 2: "The trial court erred and abused its discretion in revoking the community
supervision of Appellant based on improper admission of evidence by the State after the State had
closed all testimony."
      As noted, Appellant's motion to dismiss, on the grounds there was no evidence or insufficient
evidence of any conviction, was made after the State had rested. After Appellant made his motion
to dismiss, the court allowed the State to reopen and stated: "I will take judicial notice of the
entire contents of the court's file in Nos. 20-159-6, 19,826-C and F-95-0477-C, after which the
State again rested.
      Appellant asserts the trial court erred and abused its discretion in allowing the State to reopen
its case and did not remain impartial, but rather assisted the State in its case. Appellant further
asserts the trial court left the bench and made the prosecution and the bench one and the same by
its actions. Appellant now asserts this court should reverse for an abuse of discretion and violation
of fundamental due process as guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments
to the U.S. Constitution and their counterparts under the Texas Constitution. 
      The trial court may allow additional evidence to be introduced at any time prior to the
conclusion of argument if the testimony appears to be necessary in the due administration of
justice. Tex. Code Criminal Proc. art. 36.02. The trial court's decision to do so is reviewable
on appeal by the abuse of discretion standard. Sims v. State, 833 S.W.2d 281 (Tex.
App.—Houston [14th Dist.] 1992, pet. ref'd); Choice v.v State, 883 S.W.2d 325, 327 (Tex.
App.—Tyler 1994, no pet.).
      The trial judge may permit the State to reopen its case even if the defendant has made a
motion for an instructed verdict. Boatwright v. State, 472 S.W.2d 765 (Tex. Crim. App. 19791). 
And such is proper in a probation revocation hearing. Cantu v. State, 662 S.W.2d 455 (Tex.
App.—Corpus Christi 1983, no pet.).
      Moreover, this court can take judicial notice of the judgment placing Appellant on supervision
as long as it is in the record. Cobb v. Sate, 851 S.W.2d 871 (Tex. Crim. App. 1993). The Cobb
court held that the State is not required to introduce such judgments into the record and, because
the orders of probation are a part of the appellate record, that the Cobb court judicially noticed
the order of probation and presumed the trial court did so as well. Thus it was not necessary for
the trial court to permit the State to reopen in order for the trial court to take judicial notice of the
orders of probation.
      It is true that the law requires that judges be impartial and that they not take sides in assisting
either side in our adversary system of justice. Cannon 2A of the Code of Judicial Conduct
provides that “a judge . . . should conduct himself at all times in a manner that promotes public
confidence in the integrity and impartiality of the judiciary.”
      The foregoing is applicable to probation revocation hearings. And since the probationer is
entitled to due process at a hearing to revoke, the trial court should not assist the State in the
presentation of its case. Campbell v. State, 556 S.W.2d 918 (Tex. Crim. App. 1970).
      In reviewing this record, however, we do not find that Appellant was in any way denied due
process of law by the conduct of the trial court.
      In summary, the trial court was authorized to permit the State to reopen after it had rested;
was authorized to take judicial notice of the judgments in Appellant’s cases, with or without
reopening the case; and finally we do not find that Appellant was denied due process rights by any
action of the trial court.
      Point 2 is overruled in each case
      Point 3: “The trial court erred and abused its discretion in revoking the community
supervision of Appellant based on insufficient evidence of the violation of law by commission of
the offense Driving While Intoxicated.”
      The only issue on appeal from the revocation of community supervision is whether the trial
court abused its discretion. Flournoy v. State, 589 S.W.2d 705 (Tex. Crim. App. 1979). The
State must prove its allegations by a preponderance of the evidence. Shaw v. State, 622 S.W.2d
862, 863 (Tex. Crim. App. 1981). One sufficient ground for revoking supervision will support
the trial court’s order revoking community supervision. Moore v. State, 605 S.W.2d 926 (Tex.
Crim. App. 1980). In a revocation proceeding the judge is the trier of fact. Storey v. State, 614
S.W.2d 162, 164 (Tex. Crim. App. 1981). The court may accept or reject any or all testimony
of any witness. McGuire v. State, 537 S.W.2d 26, 28 (Tex. Crim. App. 1976).
      Officer Grant was on duty on January 29, 1997. About 10:47 p.m. he saw a black pickup
stopped at Hillside Drive and Highway 720 in the town of Little Elm. There was no traffic on the
road. The pickup started up and Grant saw it cross the center line three times. Grant activated his
lights and stopped the pickup. He identified Appellant as the driver. Grant talked with him,
noticed his words were slurred and his breath smelled of alcoholic beverage. He asked Appellant
if he had been drinking and Appellant said he had half a beer. Grant administered field sobriety
tests including a walk and turn test. Appellant was unable to perform the test. Grant testified that,
based on his training, experience and observations, he believed Appellant was intoxicated. Grant
then took Appellant to the county jail where Appellant refused to take a breathalyzer test.
      Witness Yaw arrived at the scene. She testified she smelled alcohol on Appellant’s breath.
Appellant denied drinking an alcoholic beverage; testified he did not do well on the walk and turn
test because he had bad feet and diabetes. Other witnesses testified they had been with Appellant
earlier in the evening and that he did not drink an alcoholic beverage. The trial court was
authorized to find Appellant guilty of DWI. Point 3 is overruled in each case.
      Point 4: “The trial court erred and abused its discretion in revoking the community
supervision of appellant based on admission of unqualified expert testimony.”
      Officer Grant testified that he based his opinion that Appellant was intoxicated in part on the
Horizontal Gaze Nystagmus (HGN) test that he administered. He admitted that he was not
certified by the State to administer this test.
      The trial judge stated on the record that he would disregard any testimony concerning the
Horizontal Gaze Nystagmus test and the testimony related thereto. The matter was rendered
harmless, if error, by the trial court’s declaration.
      Point 4 is overruled in each case.
      Point 5: “The trial court erred and abused its discretion in revoking the community
supervision of Appellant based on insufficient evidence of Appellant’s failure to report while under
community supervision.”
      Under our view of the case, this point is moot in each case. The judgment is affirmed in all
three cases.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis.
      Justice Cummings and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed August 26, 1998
Do not publish