**Robert Larry ANTHONY, Appellant,**

v.

**The STATE of Texas.**

**No. C14–81–345–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 14, 1982.

Rehearing Denied Feb. 4, 1982.

152

Randy Schaffer, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

Appellant was convicted of the offense of unauthorized use of a motor vehicle, Tex. Penal Code Ann. § 31.07. The jury found appellant guilty of the charge and assessed punishment at confinement in the Texas Department of Corrections for twenty (20) years as a result of an enhancement for a prior conviction. We reverse.

In his first ground of error appellant urges the circumstantial evidence presented at trial was insufficient to find him guilty of the offense. Specifically, appellant asserts there was no evidence presented by the State that he *operated* the motor vehicle in question, an essential element of the offense. In addition, appellant asserts the circumstantial evidence introduced by the state was also insufficient to establish operation of the motor vehicle. We agree.

Operation of a vehicle is an essential element of the offense of unauthorized use. Section 31.07(a), Tex.Penal Code Ann., states:

A person committs an offense if he intentionally or knowingly *operates* another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner. (emphasis supplied)

■ We see this case as similar to *Hudson v. State*, 510 S.W.2d 583 (Tex.Cr.App. 1974). There, the defendant was convicted for driving while intoxicated as a result of being found drunk, sitting in the driver's seat of a parked car. The Court of Criminal Appeals reversed, holding that no evidence was introduced to show the defendant actually drove the car, an essential element of the offense. In the absence of such proof, the evidence was insufficient to support the conviction. *Id.* at 584. See also: *Foreman v. State*, 170 Tex.Cr.R. 265, 340 S.W.2d 46 (1960). Therefore, if the state fails to prove non-consensual operation of a vehicle by direct or circumstantial evidence, it fails to prove a violation of the statute and a defendant cannot be convicted of the charge.

■ Here, the State's case was based on circumstantial evidence. For circumstantial evidence to be sufficient to convict it must exclude every other reasonable hypothesis except the guilt of the accused. *Plunkett v. State*, 580 S.W.2d 815 (Tex.Cr. App.1979); *Easley v. State*, 564 S.W.2d 742 (Tex.Cr.App.1978); *Stogsdill v. State*, 552 S.W.2d 481 (Tex.Cr.App.1977). While each fact need not point directly and independently to the accused's guilt, the cumulative effect of all the incriminating facts must still exclude every *reasonable* hypothesis. *Phelps v. State*, 594 S.W.2d 434 (Tex.Cr. App.1980); *Plunkett, supra.*

■ We believe other reasonable hypotheses existed that were not excluded by the State's evidence. On the morning of September 11, 1980, a Houston police officer on patrol saw appellant seated behind the wheel of a parked car. Appellant got out of the car and began to walk away when the officer drove past. His suspicions aroused, the officer checked his "hot sheet" and discovered the car was reported stolen. The officer gave chase but was unable to

apprehend appellant without the assistance of other officers. Appellant was searched and keys to the car were found in his pocket. The officer also felt the hood of the car and testified it was hot and could not have been off more than "a couple of minutes." At no time, however, did any of the officers testify they saw the appellant actually operate the car.

The State's evidence did not exclude the possibility of some other person's operation of the car prior to it being left by the side of the road. No testimony or other evidence was brought forward that appellant operated the vehicle. No evidence was presented as to how the car came to be parked by the side of the road. No witness testified to having ever seen appellant drive the car. The police officers admitted in court that some other person could have driven the car to the location and left appellant with the car. Testimony further revealed the car was out of gasoline making it impossible for appellant to operate the vehicle at the time of his arrest. In essence, the circumstantial evidence did not exclude every other reasonable hypothesis except that appellant operated the car. *Plunkett, supra.*

Since the circumstantial evidence introduced by the state did not exclude every other reasonable hypothesis other than appellant operating the car, an essential element of the offense was missing. *Hudson, supra.* With this missing element the evidence was insufficient to support a conviction. Our agreement with appellant's first ground of error renders discussion of the other grounds unnecessary.

Judgment reversed and cause is remanded to the trial court to enter a judgment of acquittal.