James Raymond **PROTZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14-82-00746-CR.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 15, 1984.

William D. Tipton, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before JUNELL, and SEARS, JJ., and T. GILBERT SHARPE, J. (Retired).

## OPINION

JUNELL, Justice.

A jury convicted appellant of unauthorized use of a motor vehicle and sentenced him to 16 years imprisonment and a $10,000 fine. We reverse and remand with instructions to enter a judgment of acquittal because the evidence was insufficient to corroborate an accomplice's testimony that appellant operated a stolen van.

Roy Collin Brown, the accomplice witness, testified that he and appellant were at Windsor Plaza in Houston, Texas, the night of April 8, 1982. He said that appellant broke into a van using a butter knife or pocket knife, pulled out the ignition switch with a dent puller, started the van with a screwdriver and drove off. Brown followed in a pickup truck. Brown further testified that on April 9, 1982, appellant picked up Brown in the van. They drove around town and ended up at an apartment complex on 34th Street and Highway 290. Appellant went into apartment 411 and Brown got out of the van to remove the ladder on the rear door of the van to alter its appearance. Brown saw police enter the complex and got into the van on the driver's side. The police arrested Brown and questioned him. Brown told the police that it was appellant who had stolen the van and that appellant could be found in apartment 411. In exchange for this information the police promised Brown that no charges would be filed against him.

Brown's testimony clearly would be sufficient to support a finding of guilt but for the Texas rule that a conviction cannot be had upon the testimony of an accomplice

unless corroborated by other evidence tending to connect the defendant with the offense committed. Tex. Code Crim.Proc. Ann. art. 38.14 (Vernon 1979).

■ To test the sufficiency of the evidence corroborating an accomplice, the appellate court should eliminate from consideration the evidence of the accomplice witness and then examine the evidence of the non-accomplice witnesses to ascertain if it tends to connect the defendant with the commission of the offense. *Granger v. State*, 683 S.W.2d 387 (Tex.Crim.App., 1984). The corroboration evidence need only make the accomplice's testimony more likely than not to be true. *James v. State*, 538 S.W.2d 414, 416 (Tex.Crim.App.1976). Ordinarily the accomplice need not be supported as to every element of the offense. *Warren v. State*, 514 S.W.2d 458, 463 (Tex. Crim.App.1974). Two exceptions to this rule arise. Evidence is insufficient in a capital murder case if it only corroborates the offense of murder and does not corroborate the defendant's involvement in the aggravated element that distinguishes murder from capital murder. *Granger v. State*, 605 S.W.2d 602, 605 (Tex.Crim.App. 1980) (en banc). In receiving and concealing stolen property cases the evidence required includes corroboration of defendant's knowledge that the property is stolen. *Warren v. State*, 514 S.W.2d 458, 463 (Tex. Crim.App.1974); *Hall v. State*, 373 S.W.2d 252, 253 (Tex.Crim.App.1963).

■ Here the offense alleged is unauthorized use of a vehicle. (Appellant was originally indicted for both auto theft and unauthorized use, but the theft paragraph of the indictment was set aside by the trial court upon motion by appellant.) A conviction for unauthorized use cannot stand unless the state proves that the defendant actually operated the vehicle. *Jackson v. State*, 645 S.W.2d 303 (Tex.Crim.App.1983); *Anthony v. State*, 628 S.W.2d 151 (Tex. App.—Houston [14th Dist.] 1982, no pet.).

We hold that the state must present testimony corroborating the accomplice's testimony that appellant operated the van in this case because without operation no offense of unauthorized use has occurred.

The record reveals the following corroborating testimony. Miguel Flores, the owner of the van, testified that he had parked it in Windsor Plaza the night of April 8, 1982, to visit a bar. When he came out, he could not find the van. After checking to see that the van had not been towed away for illegal parking, he reported the theft to police. The next afternoon a friend, Gilbert Hernandez, drove Flores around town to look for the van. They spotted the vehicle being driven on the Katy Freeway and pulled alongside. Flores saw two people in the van. At trial Flores could not positively identify appellant as the driver. He could only state that the appellant appeared similar to the person he saw driving the van. Flores and Hernandez followed the van to an apartment complex at 34th Street and Highway 290 and called the police. They remained at the complex until Brown and appellant were arrested. As Flores stood at the door of apartment 411, he saw in a satchel an equalizer that had been removed from the van.

Gilbert Hernandez's testimony concerning the events of April 9 essentially tracked that of Flores. The testimony of the arresting officers added only that defendant was found hiding in a closet in apartment 411.

■ None of the corroborating testimony makes it more likely than not that appellant and not Brown drove the stolen van. In fact the evidence is stronger that Brown was the driver. Flores testified that the driver had long hair and a beard and that Brown had a beard and hair longer than appellant's. One police officer testified that appellant did not have a beard at the time of arrest. Another officer said that appellant had a goatee and a stubble, but not a beard. A booking photograph of appellant taken April 11, 1982, shows that he did not have a beard. Appellant's first ground of error is sustained.

Appellant's second and third grounds of error need not be discussed. We reverse

and remand to the trial court and order that a judgment of acquittal be entered.