**Scott Michael LONGEST, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–86–0262–CR.**

Court of Appeals of Texas,
Amarillo.

May 29, 1987.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

COUNTISS, Justice.

Under an enhanced indictment, appellant was convicted by a jury of unauthorized use of a motor vehicle, Tex.Penal Code Ann. § 31.07 (Vernon 1974), and sentenced to serve 20 years in the penitentiary and pay a $5,000.00 fine. He challenges the conviction by two points of error, contending he was entitled to an instructed verdict because the evidence was not sufficient (1) to prove that he operated a vehicle, or (2) to corroborate accomplice testimony. We affirm.

Appellant and three friends spent the evening parked on a country road between Amarillo and Canyon, drinking beer. When they decided to go back to Amarillo, the car would not start. Appellant and one of his friends, Robert Wayne Garrison, then went in search of help. They found a tractor and decided to use it to boost the car battery. Garrison, an accomplice wit-

ness as a matter of law, described the critical events as follows:

Q. Okay. So, go ahead, what did you all do next?

A. Okay. As we were going across the field, there was a tractor, it was a little bit closer to the car, you know, and we just—we got the tractor, then we took it down to the car, where it was.

Q. Okay. Whose idea was it to use the tractor to jump-start the car?

A. Well, I guess it was both of ours, actually. There was no discussion over it, or anything, more or less.

\* \* \* ; \* \* \*

Q. Was the key left in that tractor?

A. Somewhere. It wasn't left in the ignition at all.

Q. Okay. Did both of you look for the key?

A. Yes.

Q. Who found the key?

A. Scott.

Q. Do you know where he found it?

A. No.

Q. What did he do after he found the key for you?

A. Well, he handed it to me.

Q. Okay. And you're the one that drove the tractor?

A. Yes.

\* \* \* \* \* \*

Q. Did Scott ride with you back to Pam Basden's car?

A. Yes.

Q. Did he ride in the cab of the tractor with you?

A. Yes.

Appellant and Garrison were unable to jump start the car, however, because they could not find the battery on the tractor. With Garrison driving, they returned the tractor to the field and Garrison deliberately overturned it.

Appellant and Garrison then found a truck with the keys in it. With Garrison driving, they again started toward the stalled car with the intention of using the truck's battery to start the car. However, when Garrison attempted to turn onto a paved expressway access road, the truck turned on its side, trapping Garrison inside. Appellant climbed out of the truck through the passenger side window and, after concluding that he could not free Garrison, ran to a store on the edge of Amarillo, called his mother to come get him, and went home, leaving Garrison stranded.

Garrison was eventually rescued and taken to the hospital with a crushed leg after a passing motorist discovered his plight and summoned help. Appellant and Garrison were both indicted for unauthorized use of a motor vehicle, for the taking of the tractor. Garrison voluntarily testified against appellant.

In this Court, appellant first argues that he cannot be convicted of unauthorized use of a motor vehicle unless the State presents evidence that he actually operated the vehicle. We agree that operation of the vehicle is one of the elements of the crime.[1] However, appellant's argument ignores the law of parties. Section 7.01(a) of the Penal Code makes a person criminally responsible as a party to an offense "if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." Section 7.02 states the circumstances under which a person is criminally responsible for an offense committed by the conduct of another. As pertinent here, the statute says a person is criminally responsible if:

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; ....

Tex.Penal Code Ann. § 7.02(a)(2) (Vernon 1974).

█ Thus, the elements of a crime can be proven by either the acts of the defendant, or the acts of the "other person" with whom the defendant is acting. It is their

---

1. Subsection (a) of section 31.07 states:
   (a) A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner.

joint activity that establishes the crime in a parties case. *McCuin v. State*, 505 S.W.2d 827, 830 (Tex.Crim.App.1974); *Eastman v. State*, 636 S.W.2d 272, 273–74 (Tex.App.— Amarillo 1982, pet. ref'd).

■ In this case, there is no evidence that appellant operated the tractor. However, there is ample evidence that Garrison did, and that appellant aided him, with full knowledge of what was transpiring, by finding and giving him the tractor key. Under the law of parties that is sufficient.

■ Appellant cites *Jackson v. State*, 645 S.W.2d 303 (Tex.Crim.App.1983); *Protz v. State*, 681 S.W.2d 296 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd); and *Anthony v. State*, 628 S.W.2d 151 (Tex.App.— Houston [14th Dist.] 1982, no pet.), as support for his argument that a defendant cannot be convicted of unauthorized use of a motor vehicle unless the State proves he operated the vehicle. We have no quarrel with the law as stated in those cases. However, *Protz* and *Jackson* were not tried under the law of parties. In *Anthony*, the defendant acted alone. The cases do not contradict our holding here: under the law of parties, a defendant who did not operate the vehicle can be convicted of unauthorized use of a motor vehicle, if the vehicle was operated by the person the defendant was aiding.[2] Point of error one is overruled.

■ By his second point, appellant says there was insufficient evidence to corroborate Garrison's accomplice testimony. The point is grounded on article 38.14 of the Texas Code of Criminal Procedure Annotated (Vernon 1979), which forbids a conviction based on accomplice testimony unless the testimony is "corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." In order to test the sufficiency of the corroboration, the reviewing court must eliminate from consideration the evidence of the ac-

complice witness and examine the remaining evidence. *Marrs v. State*, 647 S.W.2d 286, 287 (Tex.Crim.App.1983). If the remaining evidence tends to connect the defendant with the crime, then the corroboration is sufficient. *Sheets v. State*, 606 S.W.2d 864, 866 (Tex.Crim.App.1980). For example, the accomplice evidence can be corroborated by evidence that the defendant (1) was at the scene of the crime, or (2) fled after the crime, or (3) was with the accomplice near the time of the crime. *Passmore v. State*, 617 S.W.2d 682, 684–85 (Tex.Crim.App.1981).

■ Here the record reveals evidence of each of the three corroborating events just listed. By his own statement to the police, which was in evidence, appellant admitted his presence at the scene and with Garrison, and his flight. Also, the three events were confirmed by the two drinking companions who remained in the car during appellant's foray with Garrison. Therefore, Garrison's testimony was sufficiently corroborated. Point of error two is overruled.

The judgment is affirmed.

---

**2.** When appellant argued that the State was required to put appellant behind the wheel, the trial judge observed correctly, "But that would throw out, in all unauthorized use cases, the rule of parties. That can't be right."