**E.D. HAWKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–87–332–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 19, 1987.

Gordon E. White, Houston, for appellant.

Richard A. Dawson, Richmond, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

OPINION

PAUL PRESSLER, Justice.

This is an appeal from a conviction of unauthorized use of a motor vehicle. TEX. PENAL CODE § 31.07. The jury found appellant guilty and the court sentenced

him to thirty years in the Texas Department of Corrections as a habitual offender. We reverse.

Appellant and a companion were looking under the hood of a stalled pickup truck at an intersection when a policeman stopped to investigate. The officer talked briefly with them and proposed clearing the street by pushing the truck to the curb with his patrol car. Appellant steered the truck as it was pushed to the curb. The officer learned that it had been stolen and arrested the pair.

In his first two points of error, appellant challenges the sufficiency of the evidence to show that he operated the truck. The incident is divisible into three parts:

(1) driving the truck to the intersection,

(2) looking under the hood, and

(3) steering/braking the truck to the curb (under police direction).

There is no direct evidence that appellant drove the truck to the intersection. Affirmance on circumstantial evidence is foreclosed by this Court's decision in *Anthony v. State,* 628 S.W.2d 151 (1982, no pet.); *see also Jackson v. State,* 645 S.W.2d 303 (Tex. Crim.App.1983); *Protz v. State,* 681 S.W.2d 296 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). *Compare Dickson v. State,* 642 S.W.2d 185 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd).

Looking under a hood is not within the definition of operation of a vehicle under TEX.PENAL CODE § 31.07.

Steering and braking the truck as it was pushed to the curb (under police direction) is not operation within the meaning of § 31.07. *Compare Galan v. State,* 164 Tex.Crim. 521, 301 S.W.2d 141 (1957); *Chamberlain v. State,* 163 Tex.Crim. 529, 294 S.W.2d 719 (1956); *Rogers v. State,* 147 Tex.Crim. 602, 183 S.W.2d 572 (1944) (more expansive meaning of "operate" in the DWI statute). At oral argument, counsel for the state was asked the difference between this situation and one where an officer sees an abandoned car and asks a passerby to steer it to the side. The state said that in the former case it appeared to the officer that the person had driven the car before it stalled, while in the latter case the

officer had no such indication. This argument recognized that helping a policeman clear an intersection does not violate § 31.07. The officer's perception went to the issue of whether appellant drove the truck to the intersection. That issue has been decided. *Cf. United States v. Dunn,* — U.S. ——, 107 S.Ct. 1134, 1141–42, 94 L.Ed.2d 326 (1987) (Scalia, J., concurring). The first two points of error are sustained.

The conviction is reversed and the judgment is reformed to show an acquittal. *Windham v. State,* 638 S.W.2d 486 (Tex. Crim.App.1982).