**Tracy Shane PENDER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–92–065–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 3, 1993.

Publication Ordered March 18, 1993.

Danny Burns, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall, Charles M. Mallin, Asst. Chief Dist. Attys., Lynn Allison, Asst. Dist. Atty., Fort Worth, for the State.

Before WEAVER, HILL and FARRIS, JJ.

## OPINION

PER CURIAM.

Appellant, Tracy Shane Pender, was convicted by the court of theft of property of the value of $20 but less than $200. *See* TEX.PENAL CODE ANN. sec. 31.03(a) & (e)(2)(A) (Vernon 1989 & Supp.1993). The court assessed his punishment at sixty days confinement in the Tarrant County jail.

We affirm.

■ In his sole point of error, appellant challenges the sufficiency of the evidence to show he appropriated property with the intent to deprive the owner of the property. Appellant contends the State did not disprove his defense, which was that he did not intend to steal the property. In support of this argument, appellant urges that the applicable standard of review should be that discussed in *Van Guilder v. State*, 709 S.W.2d 178 (Tex.Crim.App.1985), *cert. de-*

*nied*, 476 U.S. 1169, 106 S.Ct. 2891, 90 L.Ed.2d 978 (1986). *Van Guilder* dealt with the standard of review applicable to affirmative defenses. *Id.* at 180–81. However, that case was expressly overruled by *Meraz v. State*, 785 S.W.2d 146, 155 (Tex. Crim.App.1990), wherein the Court held that when the defendant had the burden of proof on an affirmative defense,[1] the appellate court must determine whether after considering all the evidence relevant to the issue at hand, the judgment is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Id.*

Although appellant does not further discuss his theory that the standard of review for affirmative defenses applies to his defense—*i.e.* that he did not intend to steal the merchandise—the State has comprehensively briefed this question and called our attention to several cases which hold that the *Meraz* standard only applies to affirmative defenses upon which a defendant has the burden of proof,[2] and does not apply to other defenses or to review of the sufficiency of proof regarding the elements of the offense. *See Mukes v. State*, 828 S.W.2d 571, 573–74 (Tex.App.—Houston [14th Dist.] 1992, no pet.); *Coleman v. State*, 804 S.W.2d 563, 565 (Tex.App.—Houston [14th Dist.] 1991, no pet.); *Brown v. State*, 804 S.W.2d 566, 571 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd); *Lopez v. State*, 824 S.W.2d 298, 303–04 (Tex. App.—Houston [1st Dist.] 1992, no pet.).

The State in the instant case has also discussed a contrary decision in *Stone v. State*, 823 S.W.2d 375, 376–81 (Tex.App.—Austin 1992, pet. ref'd, untimely filed) (per curiam). The appellate court in *Stone* disagreed with the above court of appeals' holdings and determined that the civil test adopted in *Meraz* as a factual-sufficiency review of defendant's affirmative defenses, should be adopted as well for a factual-sufficiency review of the elements of the criminal offense. *Id.* at 381.

---

1. The defendant has the burden of proving an affirmative defense by a preponderance of the evidence. TEX.PENAL CODE ANN. sec. 2.04 (Vernon 1974).

2. There are only four affirmative defenses under Texas law: defense to criminal responsibility of corporation or association (Penal Code sec. 7.24); insanity (Penal Code sec. 8.01); mistake of law (Penal Code sec. 8.03); and duress (Penal Code sec. 8.05). *See Meraz*, 785 S.W.2d at 153.

■ We disagree with the Austin court, and decline to follow the rationale expressed in its opinion. The Court of Criminal Appeals in *Meraz* was only addressing appellate review of affirmative defenses; the opinion did not change the standard of review concerning the sufficiency of the evidence to prove the elements of the State's case. The facts of the case at bar do not raise an affirmative defense, and therefore we will not apply the standard of review set out in *Meraz.* Intent to deprive the owner of property is an essential element of the offense with which appellant was charged. TEX.PENAL CODE ANN. sec. 31.03 (Vernon 1989 & Supp.1993). Unlike affirmative defenses to which the *Meraz* court addressed itself, the State, not appellant, had the burden of proof on the issue of intent.

■ In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the judgment. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex. Crim.App.1983) (opinion on reh'g).

"This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

■ The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See id.*

■ Appellant was accused of shoplifting several shirts and cologne from Sears Department Store, in Northeast Mall in Tarrant County. Sandra Dooley, a senior sales associate at Sears, testified that on August 10, 1989, she observed appellant standing behind the cash registers in the lingerie department. Although appellant already had a small sack in his hand, he searched through the Sears' sacks and grabbed one of the biggest variety. He folded it in half and walked into the men's department. Dooley believed appellant's actions were suspicious, and she called store security.

Michael Gainer testified that he is in loss prevention at Sears, and that on the day in question he was notified by Sandra Dooley of her observations of appellant. He began watching appellant on the store monitoring cameras. Appellant had several shirts in his hands; he walked through the men's department and picked up a bottle of cologne. He then walked behind a column and clothing rack, rolled the shirts up and stuffed the shirts and cologne into the empty sack. Appellant walked through the lawn and garden entrance onto the patio, at which time Gainer left the camera and followed him on foot. Appellant passed several cash registers as he proceeded into the garden store area. Appellant walked past the patio area, and was stopped by Gainer about thirty feet into the parking lot.

Store records reflected that the items in appellant's possession were valued at $114.00, and had not been purchased that day.

Appellant testified that he was in the Sears store on the day of the offense, and was carrying a small Sears bag which contained pictures he had purchased in the Sears photography studio. He admitted that after he left that department he got an empty Sears bag and put several shirts and some cologne into the bag; however, appellant denied that he had any intent to steal

the merchandise. He stated that he next went into the hardware section looking for a particular item, and when he did not locate it he walked out into the lawn and garden area to look at weedeaters. Contrary to Gainer's testimony that he arrested appellant in the parking lot, appellant said he never left the patio area. Further, he testified that he intended to pay for the shirts and cologne when he was finished shopping.

■ A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. TEX.PENAL CODE ANN. sec. 6.03(a) (Vernon 1974). Intent can be inferred from acts, words, and conduct of the accused. *Dues v. State*, 634 S.W.2d 304, 305 (Tex.Crim. App. [Panel Op.] 1982); *Castle v. State*, 718 S.W.2d 86, 89 (Tex.App.—Fort Worth 1986, no pet.) (intent to deprive owner of property was inferred from acts, words, and conduct of the accused).

After reviewing all the evidence, including the videotape of appellant inside the Sears store,[3] we find the State proved beyond a reasonable doubt all the elements of the offense, including the intent to deprive the owner of the property. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.

---

**3.** The pertinent portion of the videotape begins with appellant walking through the store, carrying several shirts. He picks up a bottle of cologne. He then starts to stuff the shirts into a sack. He turns away from the camera and appears to walk behind a column. When appellant emerges from behind the column and faces the hidden camera, he is not carrying any loose merchandise.