Steven Wayne DENTON, Appellant,

v.

The STATE of Texas, State.

No. 2–93–291–CR.

Court of Appeals of Texas,
Fort Worth.

July 12, 1994.

Allan K. Butcher, James C. Teel, Hill, Beatty, Butcher & Gallagher, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall, Charles M. Mallin, Asst. Chiefs Appellate Section, Elizabeth A. Martin, Asst. Crim. Dist. Atty., Fort Worth, for State.

Before FARRIS, LATTIMORE and WEAVER, JJ.

## OPINION

WEAVER, Justice.

Appellant, Steven Wayne Denton, was charged by a single indictment with two felony offenses. Count One of the indictment charged appellant with the offense of theft of a motor vehicle, and Count Two of the indictment charged him with unauthorized use of a motor vehicle. See TEX.PENAL CODE ANN. §§ 31.03, 31.07 (Vernon 1989). The jury found appellant guilty under Count One of the lesser-included offense of attempted theft of a vehicle. The jury also found appellant guilty of unauthorized use of a motor vehicle as alleged in Count Two.

The trial court assessed appellant's punishment, enhanced by three prior felony convictions, at confinement for one year in the Tarrant County Jail for the attempted theft conviction, and forty years' confinement in the Institutional Division of the Texas Department of Criminal Justice for the unauthorized use of a motor vehicle conviction. These sentences are to be served concurrently.

Appellant challenges his conviction for unauthorized use of a motor vehicle through two points of error.[1] In point of error one he challenges the sufficiency of the evidence to support his conviction, and in point two he asserts that his conviction is invalid because the jury's finding that he "operated" the motor vehicle in question is contrary to the great weight and preponderance of the evidence. We overrule appellant's points of error and affirm the judgment of the trial court.

During the early morning hours of October 2, 1991, Willie Dimes was awakened by the sound of his truck's engine being revved up. Dimes recognized the sound of the engine being revved up as his truck because of a transmission problem with the truck. According to Dimes, his truck had to be warmed up for approximately five minutes before it would move. It did not matter how fast you revved the engine, the truck would not move for approximately five minutes.

When Dimes realized someone was trying to drive away in his truck, he grabbed a fully-loaded .357 magnum handgun he kept on a bedside table and ran to the front door. Dimes opened an inside door and looked outside through a locked burglar-bar door. Dimes could not unlock the burglar-bar door because he had left his keys in his pants, which were back in the bedroom. When Dimes looked outside, he observed a man, later identified as appellant, sitting behind the steering wheel of his truck. At this time the engine of Dimes's truck was still being revved up. Dimes hollered at appellant to get out of the truck. When appellant did not comply, Dimes pointed his gun through the burglar-bar door and fired a shot into the ground. Appellant then got out of the truck through the passenger side door.

After appellant exited the truck, Dimes continued to point the gun at him and ordered him to sit on the ground. In the meantime, a neighbor had come outside and Dimes asked her to call the police. Dimes continued to hold appellant at gunpoint until the police arrived approximately ten minutes later and took appellant into custody. A subsequent investigation revealed appellant had gained access to the truck through a broken vent window and had started the truck by inserting a screwdriver into the ignition and twisting it.

In his first point of error appellant contends the trial court erred by denying his motion for an instructed verdict of acquittal based on the insufficiency of the evidence. More specifically, appellant argues the evidence at trial is insufficient to support a

---

1. Appellant does not raise any points of error addressing his conviction for attempted theft of a motor vehicle and has chosen not to appeal that conviction.

finding that appellant "operated" the truck, an essential element under section 31.07 of the Texas Penal Code.

In reviewing the sufficiency of the evidence to support a conviction, we must view the evidence in the light most favorable to the verdict. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

■ A person commits the offense of unauthorized use of a motor vehicle "if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner." TEX.PENAL CODE ANN. § 31.07(a) (Vernon 1989). Since section 31.07 does not define "operate," appellant has created his own definition. According to appellant, the State was required to prove appellant "drove" Dimes's truck and that the truck was "moving" at appellant's direction in order to satisfy the "operating" element of section 31.07.

Because the undisputed evidence established that the truck did not move, and in fact would not move until it was properly warmed up, appellant contends the evidence is insufficient to support his conviction. In support of his position that "*driving* is the gravamen" of the offense of unauthorized use of a motor vehicle, appellant relies on *Jackson v. State,* 645 S.W.2d 303 (Tex.Crim.App. 1983); *Galan v. State,* 301 S.W.2d 141 (Tex. Crim.App.1957) (opinion on reh'g); *Hawkins v. State,* 742 S.W.2d 61 (Tex.App.—Houston [14th Dist.] 1987, no pet.); *Protz v. State,* 681 S.W.2d 296 (Tex.App.—Houston [14th Dist.]

1984, pet. ref'd); and *Anthony v. State,* 628 S.W.2d 151 (Tex.App.—Houston [14th Dist.] 1982, no pet.). However, we believe these cases are distinguishable from the present case and do not view them as limiting the term "operate" as appellant would have us do.

For example, in *Jackson,* the court did hold that the evidence was insufficient to show the defendant "operated" a vehicle where there was no evidence the defendant ever "drove" the vehicle. However, this holding was due to the fact that the uncontroverted evidence showed the defendant was merely a passenger in the car and that another person "drove" and thus "operated" the vehicle in question. *Jackson,* 645 S.W.2d at 305–06. *Jackson* did not hold that in order to "operate" a vehicle a person must "drive" that vehicle. Rather, the court merely concluded that riding in the passenger seat of a vehicle while someone else drives is insufficient to show "operation" of that vehicle. *See id.*

*Anthony* also did not hold that in order to "operate" a motor vehicle for purposes of the unauthorized use statute, a defendant must "drive" the vehicle. In *Anthony,* the defendant was merely observed sitting behind the wheel of a parked car with the engine turned off. Applying the now abandoned reasonable hypothesis analysis, the court held that under those facts the evidence was insufficient to establish the defendant "operated" the motor vehicle in question. *Anthony,* 628 S.W.2d at 152–53.

Similarly, we do not believe *Galan* and *Protz* support appellant's argument that a person must "drive" a vehicle in order to "operate" it. In those cases the only conduct present that was capable of satisfying the "operating" requirement of section 31.07 was "driving" the vehicles. The courts did not address whether conduct other than "driving" could be sufficient to satisfy the "operating" element of unauthorized use of a motor vehicle. *See Galan,* 301 S.W.2d at 142–43; *Protz,* 681 S.W.2d at 298.[2]

2. In *Galan v. State,* 164 Tex.Crim. 521, 301 S.W.2d 141 (1957), the Court of Criminal Appeals did hold that the terms "drive" and "oper-

ate" were synonymous. *Id.* 301 S.W.2d at 143. However, we believe this holding is limited to the special circumstances in *Galan* and does not

The remaining case appellant relies on, *Hawkins v. State,* also does not support appellant's limited definition of "operate." In *Hawkins,* a police officer observed the defendant and a companion looking under the hood of a stalled pickup truck at an intersection, and he stopped to investigate. After a brief discussion, the officer proposed they clear the street by pushing the truck to the curb with his patrol car. The defendant steered the truck as it was pushed to the curb. The officer then learned the truck had been stolen and arrested the defendant and his companion. *Hawkins,* 742 S.W.2d at 62.

The court in *Hawkins* stated that "[s]teering and braking the truck as it was pushed to the curb *(under police direction* ) is not operation within the meaning of Sec. 31.07." *Id.* (emphasis added). Thus, since there was no direct evidence that the defendant had driven the truck to the intersection, and since the only conduct established by the evidence was that the defendant looked under the hood and steered and braked the truck *under police direction,* the court held that the evidence was insufficient to show the defendant operated the truck. *Id.* However, in emphasizing the defendant had steered and braked the truck *under police direction,* the court implied that steering and braking a vehicle while it is being pushed by someone else, other than the police, may be sufficient to establish "operation" of the vehicle, even though it would not involve "driving" as we normally understand that term. *See id.*

Because "operate" is not defined in section 31.07, we believe we should apply its plain and ordinary meaning. *See State v. Garcia,* 823 S.W.2d 793, 798 (Tex.App.—San Antonio 1992, pet. ref'd). The definition of "operate" includes "to exert power or influence." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1580 (1981). Additionally, the definition of "operation" includes "[e]xertion of power." BLACK'S LAW DICTIONARY 984 (5th ed. 1979). Thus, if appellant exerted power or influence over Dimes's truck, he "operated" the truck according to the plain and ordinary meaning of that term.

■ In interpreting the term "operate" as it is used in the driving while intoxicated statute,[3] Texas courts have not applied the limited definition appellant would have us apply in the present case. *See, e.g., Reddie v. State,* 736 S.W.2d 923, 927 (Tex.App.—San Antonio 1987, pet. ref'd) (to prove defendant "operated" a motor vehicle while intoxicated, evidence must show that defendant exerted personal effort to cause vehicle to function). Thus, in applying the plain meaning of "operate" to the situation at hand, and in comparing this case to DWI cases where the courts have construed the term "operate," we believe the evidence is sufficient to support appellant's conviction.

In the present case appellant broke into Dimes's locked truck through a broken vent window, used a screwdriver to start the truck's engine, and "revved" the engine of the truck in an effort to drive it away. In fact, appellant continued to mash on the gas and rev the truck's engine until Dimes came to the door, fired a gunshot into the ground, and ordered appellant out of the truck. Every indication was that appellant would have driven Dimes's truck away if it had not been for the faulty transmission that required the truck to be warmed up before it would move. Thus, appellant exerted power, influence and personal effort over Dimes's truck in his effort to drive the truck. Having viewed the evidence in the light most favorable to the verdict, we hold that the evidence is sufficient to support appellant's conviction for unauthorized use of a motor vehicle, and that

---

apply to every factual situation that may arise. In *Galan,* the defendant was complaining about a portion of the trial court's charge that instructed the jury that they could convict him if they found that he did "drive and operate" a motor vehicle. The defendant's complaint was based on the grounds that the information charged only that he did "operate" a motor vehicle. In holding that the trial court's charge was proper, the Court of Criminal Appeals held the terms to be synonymous. *Id.*

3. A person commits the offense of driving while intoxicated if "the person is intoxicated while *driving or operating* a motor vehicle in a public place." TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp.1994) (emphasis added). Logically, the very fact that the DWI statute includes two modes of violation, *i.e.,* "driving or operating," suggests that these terms are not synonymous and do not necessarily entail the same conduct.

the trial court did not err in denying appellant's motion for an instructed verdict. Appellant's first point of error is overruled.

In his second point of error appellant asserts that his conviction for unauthorized use of a motor vehicle is invalid because the jury's finding that he "operated" the motor vehicle in question is contrary to the great weight and preponderance of the evidence. In making this argument, appellant urges this court to adopt the factual review utilized in *Stone v. State*, 823 S.W.2d 375 (Tex.App.—Austin 1992, pet. ref'd, untimely filed).

In *Stone*, the Austin Court of Appeals held that in addition to reviewing the *legal* sufficiency of the evidence to support a conviction, appellate courts also have the conclusive power in criminal cases to review the *factual* sufficiency of the evidence under the "great weight and preponderance of the evidence" standard used in civil cases. *Id.* at 377–81. In reaching this conclusion, the court in *Stone* extended the holding of *Meraz v. State*, 785 S.W.2d 146 (Tex.Crim.App.1990). In *Meraz*, the Court of Criminal Appeals held that when a defendant has the burden of proof on an affirmative defense, an appellate court must consider all of the evidence and determine whether the judgment is so against the great weight and preponderance of the evidence to be manifestly unjust. *Id.* at 154–55.

This court has previously considered *Stone* and has expressly declined to follow the rationale expressed in that opinion. *Pender v. State*, 850 S.W.2d 201, 203 (Tex.App.—Fort Worth 1993, no pet.). *See also Metoyer v. State*, 860 S.W.2d 673, 679 (Tex.App.—Fort Worth 1993, pet. ref'd); *Crouch v. State*, 858 S.W.2d 599, 601 (Tex.App.—Fort Worth 1993, pet. ref'd). In *Pender*, we noted that *Meraz* only addressed appellate review of affirmative defenses and did not change the standard of review concerning the sufficiency of the evidence to prove the elements of the State's case. *Pender*, 850 S.W.2d at 203. Because the facts in *Pender* did not raise an affirmative defense, we held that the stan-

dard of review set out in *Meraz* did not apply. *Id.*

Like *Pender*, the present case does not involve an affirmative defense and the *Meraz* standard of review does not apply. Rather, the sole standard of review to be applied to review the sufficiency of the evidence to support appellant's conviction is that stated in *Jackson v. Virginia*. We have previously applied this standard to the facts of the present case under point of error one. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.