Jerry Don CHOICE, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–93–00190–CR.

Court of Appeals of Texas,
Tyler.

Aug. 11, 1994.

Sam Griffith, Tyler, for appellant.

Amy Blalock, Asst. Dist. Atty., Tyler, for appellee.

HOLCOMB, Justice.

A jury convicted Appellant of forgery by passing and assessed his punishment at 30 years in prison. Appellant challenges his conviction in five points of error. In the first two points, he contends that the court erred when it allowed the State to re-open the evidence after Appellant moved for an instructed verdict, and when it allowed a witness to testify in violation of "the rule." In points three, four, and five, Appellant challenges the sufficiency of the evidence to support his conviction. We will affirm.

In December 1992, Rose Warren discovered her home had been burglarized and her checkbook stolen. The burglary occurred the Sunday after Warren had refused to assist Appellant with food and money. On December 9, 1992, Appellant presented one of Warren's checks to Nelda Loudamy, who owned a meat market, and asked her to cash it. The check was made payable to "Larry Cooks." Appellant claimed to be Cooks but could not produce any identification when Loudamy requested it. Nevertheless, Appellant endorsed the name "Larry Cooks" on the back of the check and gave it to Loudamy, who became suspicious. Loudamy left Appellant standing at the counter while she went to a nearby office to call the bank on which the check was written. When the bank informed her that the check was stolen, Loudamy immediately called the police and told them that Appellant had just given her a stolen check. As she gave police Appellant's description, he left the store.

Officer Charles Barber soon arrived and saw Appellant walking near the meat market. He stopped him and asked for identification. Appellant, who matched Loudamy's description, gave Barber his true name, Jerry Don Choice. When Barber informed Appellant that he was going to be detained because he matched the forgery suspect's description, he bolted and ran. Officer Barber found Appellant hiding in a repair garage and returned him to the meat market, where Loudamy identified him for police. Loudamy and Barber both identified Appellant at trial. Rose Warren testified that she did not sign the stolen check and did not authorize anyone else to sign it.

■ In his first point of error, Appellant contends that the court erred when it permitted the State to re-open and introduce additional testimony after "resting" its case. After the State rested, Appellant moved for an instructed verdict on the ground that Loudamy had failed to identify the original check Appellant had presented to her. Appellant argues that the court abused its discretion because the State had ample opportunity during its case-in-chief to have Loudamy

identify the check, and by allowing the State to re-open, the court abandoned its judicial impartiality and gave the State an unfair advantage. We do not agree.

■ The trial court may allow additional testimony to be introduced at any time prior to the conclusion of arguments if the testimony appears to be necessary to the due administration of justice. TEX.CODE CRIM.PROC. ANN. art. 36.02 (Vernon 1981). Its decision is reviewable on appeal by an abuse of discretion standard. *Sims v. State*, 833 S.W.2d 281 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd). In the present case, Appellant has failed to show how he was harmed or prejudiced by the court's action in allowing the State to recall Loudamy to identify the original check after she had already identified a copy. *See Boyd v. State*, 774 S.W.2d 37 (Tex.App.—Beaumont 1989, pet. ref'd). Accordingly, the court did not abuse its discretion. Appellant's first point of error is overruled.

After Loudamy testified, both the State and the defense agreed that she could be released from "the rule," and she sat in the courtroom while Barber was testifying. Appellant objected to Loudamy's testimony after she was recalled because she had listened to Barber's testimony. His objection was overruled.

■ By his second point, Appellant complains that the trial court erred when it overruled his objection. Appellant argues that the TEXAS CODE OF CRIMINAL PROCEDURE specifically reads that "in no case where the witnesses are under the rule shall they be allowed to hear any testimony in the case." TEX.CODE CRIM.PROC. art. 36.05. He also refers us to Rule 613 of the TEXAS RULES OF CRIMINAL EVIDENCE which provides that the court shall order witnesses excluded so that testimony of other witnesses cannot be heard. TEX.R.CRIM.EVID. 613. Appellant claims that he was harmed when the trial court allowed Loudamy to be recalled after the State re-opened its case. He argues that by having listened to testimony and arguments of counsel introduced after she testified, Loudamy would have clearly understood that she was being recalled for the purpose of identifying the actual check rather than

merely a copy of it. In support of his contention, Appellant cites *Tijerina v. State*, 460 S.W.2d 123, 124 (Tex.Cr.App.1970), and *Webb v. State*, 766 S.W.2d 236, 240 (Tex.Cr.App. 1989). We distinguish the cases Appellant cites by noting that all of the witnesses in those cases were not allowed to testify because they were still under "the rule." In contrast, Loudamy testified after she was released from "the rule."

■ First, we point out that a violation of "the rule" by a witness is not in itself reversible error. *Archer v. State*, 703 S.W.2d 664 (Tex.Cr.App.1986). It only becomes reversible error when the questioned testimony is admitted and the complaining party is harmed. *Guerra v. State*, 771 S.W.2d 453 (Tex.Cr.App.1988), *cert. denied*, 492 U.S. 925, 109 S.Ct. 3260, 106 L.Ed.2d 606 (1989). Injury or prejudice to a party occurs when (a) the witness conferred with or heard testimony of another witness, and (b) the witness's testimony contradicts the testimony of another witness that supports the opposing side or corroborates the testimony of another witness. *Webb*, 766 S.W.2d at 240. In this case, both the State and the defense released Loudamy from "the rule" prior to the court allowing her to listen to any other witnesses' testimony. Our reading of the record leads us to believe that Loudamy did not hear testimony that was crucial to the defense. She only heard the testimony of Officer Barber, who identified Appellant and explained to the jury the circumstances under which he was arrested. When Loudamy was subsequently called back to the stand to testify, she was only asked to identify the original check that Appellant had given to her. We cannot see how Officer Barber's testimony influenced any of Ms. Loudamy's answers to the detriment of Appellant. Appellant has failed to show how he was harmed when the court allowed the State to recall Loudamy to identify the original check after she had already identified a copy. Without clear evidence of harm to Appellant, the State and the defense cannot agree to excuse a witness from "the rule" and object later to subsequent testimony given by that same witness. Finding no harm to Appellant, and no abuse

of discretion by the court, this point of error is overruled.

Points of error three, four, and five all deal with the legal and factual sufficiency of the evidence and will be discussed together. Appellant argues that the evidence is insufficient because the original check that was forged was not properly identified. As a result, Appellant contends that the State did not prove an essential element under Section 32.21(b) of the TEXAS PENAL CODE.

Appellant asserts in his third and fifth points of error that the evidence presented at trial was against the great weight and preponderance of the evidence and did not support his conviction. Appellant urges us to apply a factual sufficiency standard, even though he does not have the burden of proof on the elements of the offense. *See Roberson v. State*, 810 S.W.2d 224 (Tex.Cr.App. 1991).

■ The courts of appeals differ in this area of the law. The Austin Court of Appeals held that appellate courts have the power in criminal cases to review the factual sufficiency of the evidence under "the great weight and preponderance of the evidence" standard used in civil cases. *Stone v. State*, 823 S.W.2d 375 (Tex.App.—Austin 1992, pet. ref'd, untimely filed). In reaching this conclusion, the court in *Stone* extended the holding of *Meraz v. State*, 785 S.W.2d 146 (Tex. Cr.App.1990). In *Meraz*, the Court of Criminal Appeals held that when a defendant has the burden of proof on an affirmative defense, an appellate court must consider all of the evidence and determine whether the judgment is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Id.* at 154–55. The Austin Court of Appeals has held that factual sufficiency challenges are proper not only where the defendant has the burden of proof, but also when the State has the burden of proving the elements of the offense. *Orona v. State*, 836 S.W.2d 319 (Tex.App.—Austin 1992, no pet.). The Texarkana Court of Appeals has also extended *Meraz* to allow a factual sufficiency review on the evidence of the elements of a conviction. *See Lisai v. State*, 875 S.W.2d 35 (Tex.App.—Texarkana 1994, pet. pending).

To date, the Court of Criminal Appeals has only addressed in *Meraz* the appellate review of affirmative defenses and has not changed the standard of review concerning the sufficiency of the evidence to prove the elements of the State's case. *Pender v. State*, 850 S.W.2d 201, 203 (Tex.App.—Fort Worth 1993, no pet.). Because the facts in *Pender* did not raise an affirmative defense, the Fort Worth Court, along with several other courts, has respectfully disagreed with the Austin and Texarkana Courts of Appeals and has held that the standard of review set out in *Meraz* did not apply. *See House v. State*, 880 S.W.2d 512 (Tex.App.—Eastland 1994, n.w.h.); *Smith v. State*, 874 S.W.2d 269, 272 (Tex.App.—Houston [14th Dist.] 1994, rev. ref'd); *Borders v. State*, 822 S.W.2d 661, 667–68 (Tex.App.—Dallas 1991), *rev'd on other grounds*, 846 S.W.2d 834 (Tex.Cr.App. 1992). Although the Court of Criminal Appeals has recently refused to address this issue, we hold that the *Meraz* standard of review for factual sufficiency is not applicable because Appellant does not assert an affirmative defense. Rather, the sole standard to be applied to review the sufficiency of the evidence to support Appellant's conviction is that stated in *Jackson v. Virginia*, and the standard set out in *Meraz* applies only in cases in which Appellant has the burden of proof. *Ex parte Schuessler*, 846 S.W.2d 850, 852 n. 5 (Tex.Cr.App.1993).

■■ In determining whether a conviction was supported by sufficient evidence, we view the evidence presented in the light most favorable to the verdict. *Flornoy v. State*, 668 S.W.2d 380, 383 (Tex.Cr.App.1984). Therefore, the critical inquiry is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Cr.App.1985), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153. This standard places the full responsibility on the trier of fact to weigh the evidence, to resolve conflicts in the testimony, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). If there is evidence to establish the defendant is guilty beyond a

reasonable doubt, and the jury believes the evidence, the appellate court cannot reverse the judgment on a sufficiency of the evidence ground. *Soto v. State,* 864 S.W.2d 687, 691 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd), citing *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Cr.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988).

 A person commits the offense of forgery by passing if he forges a writing with intent to harm another. TEX.PENAL CODE ANN. § 32.21(b) (Vernon 1989); *Ex parte Porter,* 827 S.W.2d 324 (Tex.Cr.App.1992). To "forge" means:

> (A) to alter, make, complete, execute, or authenticate any writing so that it purports:
>
> (i) to be the act of another who did not authorize that act;
>
> . . . . .
>
> (C) to possess a writing that is forged within the meaning of Paragraph (A) with intent to utter....

TEX.PENAL CODE ANN. § 32.21(a)(1)(A) and (C). The State must prove the element of intent by showing that Appellant falsely represented to others that he was the maker of the check, or that he was in possession of the stolen check without a reasonable explanation. *Solis v. State,* 611 S.W.2d 433, 434 (Tex.Cr.App.1981).

 We hold that the evidence presented was ample for the jury to find Appellant guilty of forgery. Ms. Warren testified that she did not sign the check in question or authorize anyone else to sign it. This establishes a prima facie case that the check was forged. *Anderson v. State,* 621 S.W.2d 805, 808 (Tex.Cr.App.1981). Appellant presented to Loudamy a check that was made out to Larry Cooks, endorsed it as Larry Cooks in her presence, and denied having any identification to verify that he was Larry Cooks. The use of deception by an accused is evidence of intent to defraud and harm. *Garcia v. State,* 630 S.W.2d 303, 305 (Tex.App.— Houston [1st Dist.] 1981, no pet.). The evidence presented at trial established that Appellant had knowledge that the check was forged and had the intent to defraud or harm another. *See Wallace v. State,* 813 S.W.2d

748, 751 (Tex.App.—Houston [1st Dist.] 1991, no pet.). Appellant's third, fourth, and fifth points of error are overruled.

The judgment of the trial court is **affirmed.**