Jimmy Frank Watson v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-372-CR
No. 10-97-373-CR
No. 10-97-374-CR

     JIMMY FRANK WATSON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 211th District Court
Denton County, Texas
Trial Court Nos. F-95-0477-C, 20-159-C & 19-826-C
                                                                                                                

O P I N I O N
                                                                                                                

      Cause No. 10-97-372-CR (Trial Court # F-95-0477-C) is an appeal by Appellant Watson from
a judgment of the trial court revoking his probation in an "Injury to a Child" case and a sentence
of one year in the county jail.
      Cause No. 10-97-373-CR (Trial Court # 20-159-C) is an appeal by Appellant from a judgment
of the trial court revoking his probation in a "Delivery of a Controlled Substance" case and a
sentence of five years in the Institutional Division of the Texas Department of Criminal Justice.
      Cause No. 10-97-374-CR (Trial Court # 19-826-C) is an appeal by Appellant from a judgment
of the trial court revoking his probation in a "Possession of a Controlled Substance" case and a
sentence of five years in the Institutional Division of the Texas Department of Criminal Justice.
      Appellant was convicted in February 1996 of injury to a child and assessed punishment at
confinement in the county jail, probated for one year. He was convicted in July 1987 of delivery
of a controlled substance and of possession of a controlled substance and, in each case, assessed
punishment at confinement in the Institutional Division of the Texas Department of Criminal
Justice, probated for ten years in each case.
      In February 1997, the State filed motions to revoke Appellant’s probation in the three cases,
alleging Appellant violated a condition of his probation by operating a motor vehicle in January
1997 while he was intoxicated and by not reporting to his probation office in December 1996. In
the possession and delivery cases it was additionally alleged that Appellant had consumed an
alcoholic beverage in January 1997.
      The three cases were tried together and there is one Reporter's Record and the Briefs are
identical in each case. The trial court, after the hearing, revoked Appellant's probation in each
case finding each allegation in the State's motions to revoke to be true, and sentenced him to one
year in the county jail in Cause No. 10-97-372-CR, to five years in TDCJ-ID in Cause No. 10-97-373-CR, and to five years in TDCJ-ID in Cause No. 10-97-374-CR. Appellant appeals in each
case on five identical points of error.
      Point 1: "The trial court erred and abused its discretion in revoking Appellant's community
supervision based on the failure of the State to prove jurisdiction of the trial court."
      Specifically, Appellant asserts the State at no time offered evidence that he had been put on
probation in Denton County or that the alleged offenses made the basis of the motions took place
in Denton County, or that Appellant was the same person placed on probation in the three cases.
      After the State rested, Appellant's trial counsel made a motion to dismiss the motions to
revoke on the grounds that there had been no evidence and/or insufficient evidence of any
conviction in these cases.
      The State's first witness, Xavier Sanchez, testified that he was a Community Supervision
Officer for Denton County; that he knew Appellant; that he had met with Appellant three times
since June 1997; and he identified Appellant in court. Sanchez further testified that Appellant
reported to him claiming to be the person placed on probation in Trial Court Cases Nos. F-95-0477-C, 20-159-C and 19-826-C.
      Point 1 is overruled in each case.
      Point 2: "The trial court erred and abused its discretion in revoking the community
supervision of Appellant based on improper admission of evidence by the State after the State had
closed all testimony."
      As noted, Appellant's motion to dismiss, on the grounds there was no evidence or insufficient
evidence of any conviction, was made after the State had rested. After Appellant made his motion
to dismiss, the court allowed the State to reopen and stated: "I will take judicial notice of the
entire contents of the court's file in Nos. 20-159-6, 19,826-C and F-95-0477-C, after which the
State again rested.
      Appellant asserts the trial court erred and abused its discretion in allowing the State to reopen
its case and did not remain impartial, but rather assisted the State in its case. Appellant further
asserts the trial court left the bench and made the prosecution and the bench one and the same by
its actions. Appellant now asserts this court should reverse for an abuse of discretion and violation
of fundamental due process as guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments
to the U.S. Constitution and their counterparts under the Texas Constitution. 
      The trial court may allow additional evidence to be introduced at any time prior to the
conclusion of argument if the testimony appears to be necessary in the due administration of
justice. Tex. Code Criminal Proc. art. 36.02. The trial court's decision to do so is reviewable
on appeal by the abuse of discretion standard. Sims v. State, 833 S.W.2d 281 (Tex.
App.—Houston [14th Dist.] 1992, pet. ref'd); Choice v.v State, 883 S.W.2d 325, 327 (Tex.
App.—Tyler 1994, no pet.).
      The trial judge may permit the State to reopen its case even if the defendant has made a
motion for an instructed verdict. Boatwright v. State, 472 S.W.2d 765 (Tex. Crim. App. 19791). 
And such is proper in a probation revocation hearing. Cantu v. State, 662 S.W.2d 455 (Tex.
App.—Corpus Christi 1983, no pet.).
      Moreover, this court can take judicial notice of the judgment placing Appellant on supervision
as long as it is in the record. Cobb v. Sate, 851 S.W.2d 871 (Tex. Crim. App. 1993). The Cobb
court held that the State is not required to introduce such judgments into the record and, because
the orders of probation are a part of the appellate record, that the Cobb court judicially noticed
the order of probation and presumed the trial court did so as well. Thus it was not necessary for
the trial court to permit the State to reopen in order for the trial court to take judicial notice of the
orders of probation.
      It is true that the law requires that judges be impartial and that they not take sides in assisting
either side in our adversary system of justice. Cannon 2A of the Code of Judicial Conduct
provides that “a judge . . . should conduct himself at all times in a manner that promotes public
confidence in the integrity and impartiality of the judiciary.”
      The foregoing is applicable to probation revocation hearings. And since the probationer is
entitled to due process at a hearing to revoke, the trial court should not assist the State in the
presentation of its case. Campbell v. State, 556 S.W.2d 918 (Tex. Crim. App. 1970).
      In reviewing this record, however, we do not find that Appellant was in any way denied due
process of law by the conduct of the trial court.
      In summary, the trial court was authorized to permit the State to reopen after it had rested;
was authorized to take judicial notice of the judgments in Appellant’s cases, with or without
reopening the case; and finally we do not find that Appellant was denied due process rights by any
action of the trial court.
      Point 2 is overruled in each case
      Point 3: “The trial court erred and abused its discretion in revoking the community
supervision of Appellant based on insufficient evidence of the violation of law by commission of
the offense Driving While Intoxicated.”
      The only issue on appeal from the revocation of community supervision is whether the trial
court abused its discretion. Flournoy v. State, 589 S.W.2d 705 (Tex. Crim. App. 1979). The
State must prove its allegations by a preponderance of the evidence. Shaw v. State, 622 S.W.2d
862, 863 (Tex. Crim. App. 1981). One sufficient ground for revoking supervision will support
the trial court’s order revoking community supervision. Moore v. State, 605 S.W.2d 926 (Tex.
Crim. App. 1980). In a revocation proceeding the judge is the trier of fact. Storey v. State, 614
S.W.2d 162, 164 (Tex. Crim. App. 1981). The court may accept or reject any or all testimony
of any witness. McGuire v. State, 537 S.W.2d 26, 28 (Tex. Crim. App. 1976).
      Officer Grant was on duty on January 29, 1997. About 10:47 p.m. he saw a black pickup
stopped at Hillside Drive and Highway 720 in the town of Little Elm. There was no traffic on the
road. The pickup started up and Grant saw it cross the center line three times. Grant activated his
lights and stopped the pickup. He identified Appellant as the driver. Grant talked with him,
noticed his words were slurred and his breath smelled of alcoholic beverage. He asked Appellant
if he had been drinking and Appellant said he had half a beer. Grant administered field sobriety
tests including a walk and turn test. Appellant was unable to perform the test. Grant testified that,
based on his training, experience and observations, he believed Appellant was intoxicated. Grant
then took Appellant to the county jail where Appellant refused to take a breathalyzer test.
      Witness Yaw arrived at the scene. She testified she smelled alcohol on Appellant’s breath.
Appellant denied drinking an alcoholic beverage; testified he did not do well on the walk and turn
test because he had bad feet and diabetes. Other witnesses testified they had been with Appellant
earlier in the evening and that he did not drink an alcoholic beverage. The trial court was
authorized to find Appellant guilty of DWI. Point 3 is overruled in each case.
      Point 4: “The trial court erred and abused its discretion in revoking the community
supervision of appellant based on admission of unqualified expert testimony.”
      Officer Grant testified that he based his opinion that Appellant was intoxicated in part on the
Horizontal Gaze Nystagmus (HGN) test that he administered. He admitted that he was not
certified by the State to administer this test.
      The trial judge stated on the record that he would disregard any testimony concerning the
Horizontal Gaze Nystagmus test and the testimony related thereto. The matter was rendered
harmless, if error, by the trial court’s declaration.
      Point 4 is overruled in each case.
      Point 5: “The trial court erred and abused its discretion in revoking the community
supervision of Appellant based on insufficient evidence of Appellant’s failure to report while under
community supervision.”
      Under our view of the case, this point is moot in each case. The judgment is affirmed in all
three cases.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis.
      Justice Cummings and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed August 26, 1998
Do not publish